HAWK ICE CREAM CO. v. RUSH.

No. 31968.  Sept. 24, 1946.

Rehearing Denied May 6, 1947.

*180 P. 2d 154.*

Crouch, Rhodes & Crowe and Philip N. Landa, all of Tulsa, for plaintiff in error.

Glenn O. Young, of Sapulpa, and Creekmore Wallace, of Oklahoma City, for defendant in error.

WELCH, J. This action was instituted in the district court of Creek county by Amy Rush, hereinafter referred to as plaintiff, against Hawk Ice Cream Company, and its alleged employee, Reed Wolfforth, and L. B. Jackson and his alleged employee, Oliss Rush, for damages for the wrongful death of her husband. Plaintiff's husband was killed in a collision between a car in which he was riding, driven by Oliss Rush, and a truck being operated by Reed Wolfforth.

Upon the trial of the issues the court sustained the demurrer of L. B. Jackson to plaintiff's evidence and entered judgment in his favor. The jury returned a verdict in favor of Oliss Rush. The jury returned a verdict for the plaintiff and against Hawk Ice Cream Company and Reed Wolfforth. The defendant Hawk Ice Cream Company alone appeals.

The plaintiff filed a motion to dismiss the appeal which has heretofore been denied by this court.

The plaintiff prefaces her answer brief with a renewal of her challenge to the jurisdiction of this court, and represents her motion to dismiss and contends the appeal should be dismissed on account of appellant's failure to serve case-made on the parties other than plaintiff who appeared at the trial and participated in the proceeding, and plaintiff contends that the appeal is fatally defective in that there is a deficiency of necessary parties to the appeal.

All parties to the proceeding in the trial court were made parties on appeal by the giving of the notice of intention to appeal as provided by 12 O.S. 1941 § 954. City of Sapulpa v. Young, 147 Okla. 179, 296 P. 418.

For dismissal, for failure to serve case-made on the other parties, plaintiff cites 12 O.S. 1941 § 958, which provides that the case-made, or a copy thereof, must be served upon the opposite party or his attorney. Numerous cases are cited to the effect that opposite party within the meaning of section 958, supra, means all parties to the action whose interests could be affected by a reversal of the judgment appealed from.

The plaintiff obtained a personal judgment sounding in tort against the defendant Hawk Ice Cream Company. We cannot perceive any interest the other defendants L. B. Jackson and Oliss Rush, who sought only exoneration from liability to plaintiff, could have in the subject matter of the judgment here appealed from. The same is true as to the other judgment debtor, the defendant Reed Wolfforth, who did not appeal and against whom the judgment became final. Neither of these parties have any interest to be affected by a reversal of the judgment now sought to be reviewed, even should a retrial of the issues between the plaintiff and defendant Hawk Ice Cream Company be ordered. These other named defendants would not be parties to any such retrial, nor be placed in a less advantageous position or be affected in any manner.

The plaintiff's motion to dismiss the appeal was properly denied.

The defendant Hawk Ice Cream Company presents its assignments of error under the proposition that the trial court erred in overruling its demurrer to plaintiff's evidence and overruling its motion for a directed verdict.

The sole issue involved herein is the liability of defendant Ice Cream Company under the doctrine of respondeat superior, and the details of the collision need not be described.

The defendant Hawk Ice Cream Company contends that Reed Wolfforth, the driver of the truck, was an independent operator, or an independent contractor, not a servant or employee of said company.

At the time of the collision the defendant Wolfforth was engaged in his regular business of transporting milk by truck from patrons or farmers along a milk route in Creek county, to the defendant company's plant in Tulsa. The truck was owned by defendant Wolfforth and the milk and the milk cans in the truck at the time were owned by various farmers along the route. Wolfforth paid the expense of upkeep and operation of the truck. He was paid for hauling milk at the rate of 25 cents, and later 35 cents, per 100 pounds of milk hauled. The company deducted from the individual checks of the farmers an amount for hauling at the above mentioned rate, and in turn paid Wolfforth said amount of the hauling deductions, and paid the balance of the proper purchase price to the respective farmers for the amount of milk received from each. Wolfforth testified that he had no fixed hours of employment; that he commenced hauling at the hours of his own choosing; that the defendant company gave him no instructions as to whose milk he should or should not haul

or as to what route he should take in getting milk to Tulsa, or what route he should return home from Tulsa after delivery, nor did they designate the type of conveyance or means he should use in making milk pickups and deliveries; that hauling of milk along his regular milk route was done by his wife at times, and at other times by his employee paid by him; that he hauled goods and products other than milk at various times.

Several farmers, sellers of milk, were called by plaintiff as witnesses in the case. Their testimony did not conflict with that of Wolfforth.

We find no conflict in the evidence as to the nature and extent of the duties of defendant Wolfforth, or as to the nature of his relationship with defendant company.

In the case of Blackwell Cheese Co. v. Pedigo, 186 Okla. 159, 96 P. 2d 1043, it was said:

"Where the evidence is undisputed, the question of whether the relationship of the parties is that of contractor and contractee or employer and employee is one of law for determination by the court. Fairmont Creamery Co. of Lawton v. Carsten, 175 Okla. 592, 55 P. 2d 757; Branham v. International Supply Co., 166 Okla. 273, 27 P. 2d 354.

"An independent contractor is one who is engaged to perform a certain service for another, according to his own manner and method, free from control and direction of his employer in all matters connected with the performance of the service except as to the result or product of the work. Southland Cotton Oil Co. v. Prichett, 167 Okla. 6, 27 P. 2d 819. In 43 A.L.R. 1313, appears the following note:

" 'Among all the circumstances bearing upon the determination of the question whether a truckman is an independent contractor or an employee, the right of the employer to control the truckman is the most decisive.'

"Said annotation relates to truckmen as independent contractors. An annotation in 42 A.L.R. 609 relates to teamsters as independent contractors.

"In the case of Fairmont Creamery Co. of Lawton v. Carsten, supra, it was said (175 Okla. 592, 55 P. 2d 760):

" 'In the note in 16 L.R.A. (N.S.) 816, it is stated:

" 'The earlier cases upon this subject are collected in a note to Richmond v. Sitterding, 65 L.R.A. 468. As is there shown, the cases generally hold that draymen, truckmen, cartmen, etc., are regarded as independent contractors, unless there is specified evidence that control was exercised over them by the owner of the goods which were being hauled.

" 'The later cases are to the same effect, and the decisions generally turn upon the question whether the owner of the goods exercised, or did not exercise, control over the goods during the process of hauling.' "

The third paragraph of the syllabus of the Pedigo Case is as follows:

"Defendant, a truckman, who owned his equipment and paid the operating cost thereof, operated a milk route over certain territory assigned to him by his co-defendant cheese manufacturing company, the purchaser of the milk; he collected milk from farms upon the route and delivered same to the company; his compensation was paid by the sellers of the milk; no showing was made of the exercise by said company of any control over his operations or over the goods transported, *held*, that he was, as to said company, an independent contractor and not an employee."

In this case we find no evidence which shows that the defendant Hawk Ice Cream Company exercised any control over Wolfforth insofar as the details of operation of the route were concerned; or over the goods being transported until the company purchased the milk as and when it was delivered to company's dock in Tulsa. The controlling facts here are somewhat similar to the material facts in the Pedico Case, supra, and upon that and other general authorities, we are forced to the conclusion here that defendant Wolfforth was an independent contractor, or an independent operator, and that the Hawk Ice Cream Company was not his employer in law, and is not

liable under the rule of respondeat superior for the torts committed by him, or for his negligence, if any, which resulted in this fatal accident. The defendant company was entitled to a directed verdict in its favor.

The judgment of the trial court is reversed, and the cause remanded, with directions to enter judgment for the defendant Hawk Ice Cream Company.

GIBSON, C.J., HURST, V.C.J., and RILEY, OSBORN, BAYLESS, and DAVISON, JJ., concur.