HOPKINS v AUTO-OWNERS INSURANCE COMPANY

1. ARBITRATION AND AWARD—INSURANCE—ARBITRATOR'S AUTHORITY.

An arbitrator did not exceed his authority in interpreting a clause in an insurance contract where the plaintiff-insured requested arbitration under the policy provisions and both parties, without reservation or objection, submitted the dispute to the arbitrator.

2. INSURANCE—UNINSURED MOTORIST—NEGLIGENCE—FELLOW EMPLOYEE.

A policy provision requiring the insurer to pay the insured only the sums which the insured "shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile" precluded plaintiff-insured from recovering under that provision where plaintiff's damages occurred in the employer's parking lot as the result of the negligence of an uninsured fellow employee since plaintiff was not "legally entitled" to recover from the fellow employee because of the exclusive remedy provisions of the workmen's compensation act (MCLA 500.3010).

Appeal from Washtenaw, Ross W. Campbell, J. Submitted Division 2 April 4, 1972, at Lansing. (Docket No. 12343.) Decided June 29, 1972. Leave to appeal denied, 388 Mich 767.

Complaint by Horace Hopkins against Auto-Owners Insurance Company to recover on an insurance policy. Accelerated judgment for defendant. Plaintiff appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 7 Am Jur 2d, Automobile Insurance § 138.
[2] 7 Am Jur 2d, Automobile Insurance §§ 135, 136.
Rights and liabilities under "uninsured motorists" coverage, 79 ALR2d 1252.

*Danne, Miller & Collins,* for plaintiff.

*Conlin, Conlin, McKenney & Meader,* for defendant.

Before: Quinn, P. J., and V. J. Brennan and Targonski,* JJ.

Per Curiam. Plaintiff was covered by a policy of automobile liability insurance issued by the defendant, which policy included uninsured motorist coverage. While this policy was in effect, plaintiff was injured in an automobile accident which occurred in his employer's parking lot. The accident occurred as the result of the negligence of a fellow employee, who was an uninsured motorist. Plaintiff concedes that he is unable to bring an action directly against the tortfeasor because of the exclusive remedy provisions of the workmen's compensation act. Plaintiff nevertheless sought to recover from his insurer pursuant to the uninsured motorist coverage in his policy. Defendant insurer denied liability on the basis that the policy required the insurer only to "pay all sums which the insured * * * shall be *legally entitled* to recover as damages from the owner or operator of an uninsured automobile". (Emphasis added.) Defendant maintained that because of the exclusive remedy provisions of the workmen's compensation act, plaintiff was not "legally entitled" to recover from the uninsured motorist.

Pursuant to the provisions of the policy of insurance, plaintiff requested arbitration of the dispute. Arbitration proceedings were conducted and the defendant prevailed. Plaintiff sought a review of

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

this decision in the Washtenaw County Circuit Court. Plaintiff appeals from that court's grant of defendant's motion for accelerated judgment.

Plaintiff first argues that the arbitrator exceeded his authority by interpreting the language of the policy. He maintains that the jurisdiction of the arbitrator extended only to the questions of fault and damages, and did not include construction of the policy phrase "pay all sums which the insured * * * shall be *legally entitled* to recover as damages from the owner or operator of an uninsured automobile".

We find this argument without merit and *Western Casualty & Surety Co v Strange*, 3 Mich App 733 (1966), factually inapplicable. In *Strange, supra*, there was no *physical contact* between the vehicle of the insured and the hit-and-run driver and the latter was identified. Thus, the policy definition of "hit-and-run driver" was not satisfied and the question of insurance coverage was not arbitrable by the terms of the policy.

In *Maryland Casualty Co v McGee*, 32 Mich App 539 (1971), there was *physical contact* and the "hit-and-run driver" was *unidentified*. The policy definition of "hit-and-run driver" was satisfied in *McGee, supra*, and the question of coverage was arbitrable by the terms of the policy.

The case before us presents no question of "hit-and-run driver". It involves damages caused by a known uninsured motorist and by the terms of the policy involved, the meaning of the phrase "pay all sums which the insured * * * shall be *legally entitled* to recover as damages from the owner or operator of an uninsured automobile" was arbitrable.

Both parties, without reservation or objection, submitted this dispute to the arbitrator. Such submission vested the arbitrator with authority to

decide the issue. *Fidelity & Casualty Co of New York v Dennis,* 229 Cal App 2d 541; 40 Cal Rptr 418 (1964); *Northwestern Security Insurance Co v Clark,* 84 Nev 716; 448 P2d 39 (1968). (See, also, Anno 33 ALR3d 1242.)

Plaintiff also argues that even if the arbitrator did not exceed his authority (which we find to be the case here), his decision was erroneous. Since we agree with the arbitrator's decision, we need not consider defendant's arguments regarding the reviewability of an arbitrator's award. Because of the exclusiveness of the workmen's compensation coverage, plaintiff never had a remedy against the tortfeasor. He was never entitled to damages from the negligent motorist. To hold otherwise would be to grant plaintiff a windfall not contemplated by the parties when they entered into their contract of insurance, and not intended by the Legislature in its enactments encouraging the utilization of uninsured motorist coverage (MCLA 500.3010; MSA 24.13010). As the courts of this and other states have often stated, the purpose behind such legislation is to place the victim of an uninsured motorist in the same position he would have occupied had the tortfeasor been insured. It is clear from the facts of this case that had the tortfeasor here been insured, the plaintiff would not even have a tenuous claim against any other party and his sole source of recovery would be that provided by the workmen's compensation act. The court below properly granted defendant's motion for accelerated judgment.

Affirmed.