Jacqueline A. BARFIELD, Appellant,

v.

Judy Beth BARFIELD, Executrix of the Estate of Robert E. Barfield, Deceased; and Kansas City Fire & Marine Insurance Company, a corporation, Appellees.

No. 62801.

Supreme Court of Oklahoma.

July 21, 1987.

Rehearing Denied Sept. 29, 1987.

Glen Mullins, Abel, Musser, Sokolosky &
Clark, Oklahoma City, for appellant.

James A. Jennings, III, Holloway, Dobson, Hudson & Bachman, Oklahoma City, for appellees.

ALMA WILSON, Justice:

On January 16, 1983, Vern L. Barfield and Robert E. Barfield were killed in a one-vehicle accident, while in the course of their employment.

At the time of this fatal accident, Robert Barfield, an experienced truck driver for United Petroleum Transports, was providing on-the-job training for his brother, Vern Barfield. Vern began his employment relationship with United Petroleum Transports the previous week, and was a passenger in the tractor-trailer driven by Robert in order to learn the routes and procedures to be used in transporting tanks of fuel for United Petroleum Transports.

Judy Beth Barfield, the surviving spouse of Robert E. Barfield, and Jacqueline Ann Barfield, the surviving spouse of Vern L. Barfield, both sought workers' compensation benefits from United Petroleum Transports and its insurance carrier. On May 11, 1982, Judy Beth Barfield and Bobby Scott Barfield, the minor son of Robert Barfield, were awarded death benefits as provided by the Oklahoma Workers' Compensation Act. On July 9, 1982, Jacqueline Ann Barfield was likewise awarded death benefits as provided by the Oklahoma Workers' Compensation Act.

Thereafter, on January 16, 1984, Jacqueline Ann Barfield brought the instant wrongful death action in district court against Judy Beth Barfield as executrix of the estate of Robert E. Barfield; and against Kansas City Fire and Marine Insurance Company to recover on her husband's uninsured motorist policy. Jacqueline alleged that her husband's injuries and death resulted from the negligence of Robert Barfield; that Robert Barfield at the time of the accident was an uninsured or underinsured motorist; and that at such time Kansas City Fire and Marine Insurance Company had a policy of uninsured motorist insurance in force and effect in favor of Jacqueline and Vern L. Barfield for injuries received and caused by the negligence of uninsured or underinsured motorists.

Judy Beth Barfield and Kansas City Fire and Marine Insurance Company demurred to Appellant Jacqueline Barfield's petition on the ground that it failed to state facts sufficient to constitute a cause of action against them. Kansas City Fire and Marine Insurance Company additionally answered and interposed affirmative defenses of contributory negligence and assumption of the risk; and for further defense the insurance company asserted that Appellant's decedent and the alleged underinsured motorist were both employees of the same employer, therefore, the court did not have jurisdiction in this matter, as the liability of the employer, United Petroleum Transports, and its employees (including the alleged underinsured motorist) under the Oklahoma Workers' Compensation Act is exclusive. Judy Beth Barfield for her answer and defense to the wrongful death action also alleged that the district court was without jurisdiction due to the exclusivity provisions of the Workers' Compensation Act; and further asserted that insofar as she is concerned, the accident and resulting injuries of the decedents were the result of unavoidable accident, occurring through no fault of Robert E. Barfield, deceased.

Appellant, Jacqueline Barfield, denied all defenses and asserted that Robert E. Barfield and Vern L. Barfield were *not* employees of the same employer so as to make recovery under the Oklahoma Workers' Compensation Act the exclusive remedy.

Following discovery procedures, Kansas City Fire and Marine Insurance Company filed a Motion for Summary Judgment pursuant to Rule 13 of the Rules of the District Court. Upon reviewing the file and the briefs submitted by the parties, and after hearing argument of counsel, the trial court granted summary judgment for Kansas City Fire and Marine Insurance Company as a matter of law. Jacqueline Barfield now prosecutes this appeal contending that the trial court erred in granting the summary judgment because (1) the evidence

before the district court established a substantial controversy as to the status of Robert E. Barfield as an independent contractor or servant of United Petroleum Transports, such that the district court erred in relying upon the exclusivity provisions of the Workers' Compensation Act to bar re-litigation of the employment status of the Barfield brothers in this action in tort; (2) the insurance company is liable regardless of the decedents' employment status; and (3) decedent's spouse is "legally entitled to recover" from the insurance company under the uninsured/underinsured motorist policy in question.

## I

 Jacqueline Barfield submits that her decedent, Vern L. Barfield, was an independent contractor of United Petroleum Transports, and not a servant-employee. In support thereof, Mrs. Barfield alleged that each driver used by United Petroleum Transports provided his own vehicle and was responsible for providing liability insurance for that vehicle. The drivers were not required to accept each "run" offered by United Petroleum Transports and were permitted to have someone else drive their truck on a run. Mrs. Barfield further alleged that drivers were paid by United Petroleum Transports on a percentage basis according to the number of loads they hauled, the gallons of fuel carried, and the destination of the run. United Petroleum Transports did not provide health or medical insurance for the drivers and the drivers paid their own taxes. United Petroleum Transports, however, did provide for its employees Workers' Compensation Insurance coverage, as required by law; and also specified the routes and procedures to be implemented in transportation of tanks of fuel for United Petroleum Transports.

An "independent contractor" is one who engages to perform a certain service for another, according to his own manner, and method, and free from control and direction by his employer in all matters connected with the performance of the service, except as to result or product of the work. *Hawk Ice Cream Co. v. Rush*, 198 Okl. 544, 180 P.2d 154 (1947). Generally, the decisive

test to determine whether one is an independent contractor or servant is to ascertain whether the employer had the right to control, or purported or attempted to control, the manner of the doing of the work, and if he did have that right, or exercised it regardless of his right to do so, the relationship is that of master and servant. *Sawin v. Nease*, 186 Okl. 195, 97 P.2d 27 (1939). In the instant case, Appellant (plaintiff-below) conceded "that her decedent, Vern L. Barfield, had began his relationship with United Petroleum Transports a short time before the accident in question. As part of his arrangement with United Petroleum Transports, Vern L. Barfield was to undergo a period of on-the-job training whereby he would go on hauls with experienced drivers used by United Petroleum Transports *in order to learn the routes and procedures."* It is thus uncontroverted that the "routes and procedures" required to be implemented by United Petroleum Transports drivers were in some measure dictated by United Petroleum Transports and such transportation services were not performed wholly according to the driver's own manner and method, free from control and direction of United Petroleum Transports. We find the trial court did not commit error in determining as a matter of law on the basis of uncontroverted facts that the relation between United Petroleum Transports and its drivers was not that of employer and independent contractor. Appellant's allegations regarding other factors surrounding the employment relationship are non-decisive in law. The decisive test as to whether a person has been hired as an independent contractor is whether or not the employer retains control as to the means or methods of the work. If such control exists, then the person hired is not an independent contractor. *Kaw Boiler Works v. Frymyer*, 105 Okl. 177, 231 P. 1059 (1924).

 In its Journal Entry of Judgment, dated July 6, 1984, the trial court did not recite as reason therefor the previous orders entered by the Workers' Compensation Court on May 11, 1982, and July 9, 1982, respectively finding that Robert and

Vern Barfield were both engaged in the employ of United Petroleum Transports on the date of their fatal accident. However, the Appellee insurance company did rely upon the exclusivity provisions of the Workers' Compensation Act and the fact that the Workers' Compensation Court awarded benefits to both of the surviving spouses of Vern L. Barfield and Robert E. Barfield as reason why Appellant is not "legally entitled to recover" any damages from the estate of Robert E. Barfield in this action.

Section 12 of the Oklahoma Workers' Compensation Act, 85 O.S. § 1, et seq., provides in pertinent part:

"The *liability prescribed* in Section 11 of this title *shall be exclusive and in place of all other liability of the employer and any of his employees*, at common law or otherwise, for such injury, loss of services or death, to the employee, spouse, personal representative, parents, dependents, or any other person ..." [Emphasis supplied.]

The Appellee insurance company argues that, since an employer is liable for compensation benefits even where there is no fault or negligence, it is proper and fair to limit his liability to compensation benefits and grant immunity from common law *tort* liability even where there is negligence or fault on the part of the employer or his employees. Therefore, an injured employee has no right to proceed *in negligence* against the employer or his employees. *Sade v. Northern Natural Gas Co.*, 458 F.2d 210 (10th Cir.1972). We agree with the Appellee insurance company insofar as the employer, United Petroleum Transports, and its employees are immune from liability *for negligence* in a civil tort action, as the employees' heirs at law have already received death benefits from this employer pursuant to the provisions of the Workers' Compensation Act. Such fact precludes the prosecution of the instant negligence cause by the heirs of Vern Barfield *against the estate of the employee,* Robert E. Barfield, because compensation claims and common law negligence actions are separate, alternative, and mutually exclusive. *Pryse Monument Company v. District*

*Court of Kay County,* 595 P.2d 435 (Okl. 1979). It is undisputed that the alleged tortfeasor, Robert E. Barfield, as well as Vern Barfield, were acting in the course and scope of their employment at the time of the accident in question. Moreover, it has been determined on the basis of the uncontroverted facts that the relation of the alleged tortfeasor-driver, Robert E. Barfield, with United Petroleum Transports was not that of an independent contractor due to the control of United Petroleum Transports over the routes and procedures of its drivers. With regard to the tasks to be performed (on-the-job fuel drivers' training and transportation of fuel) on the date of the fatal accident here on review, United Petroleum Transports was properly the principal and direct employer of Robert E. Barfield, as well as Vern L. Barfield. As such United Petroleum Transports stood liable in compensation therefor under the provisions of the Workers' Compensation Act for disability or death sustained by its employees arising out of and in the course of employment, without regard to fault. In consequence of the liability without fault prescribed in § 11 of the Workers' Compensation Act, such *liability under the Act has been deemed exclusive and in place of all other liability of the employer and any of his employees.* 85 O.S. 1981 § 12. Accordingly we affirm trial court's dismissal of Appellant's direct cause of action against the estate of United Petroleum Transport's employee, Robert E. Barfield, for the tort of negligence.

▇▇ This is not to say, however, that the actions of the alleged tortfeasor are irrelevant to establish the propriety of Appellant's *purely contractual claim* for recovery under her deceased husband's uninsured motorist policy with the Appellee insurance carrier, Kansas City Fire and Marine Insurance Company. Employer-Employee *tort* immunity under the Workers' Compensation Act does not preclude recovery under one's own contract of insurance with an insurance carrier unrelated to the employer-employee relationship. The Oklahoma State Legislature has clearly mani-

fested an intent that a worker who takes steps to assure his financial security shall not be penalized. In this respect, 85 O.S. 1981 § 45 provides:

> No benefits, saving or insurance of the injured employee, independent of the provisions of this act shall be considered in determining the compensation or benefit to be paid under this act.

Protection under an uninsured motorist policy is a contractual right resting in the insured and thus may be co-existent with the protection under the Workers'. Compensation Act. *See, Chambers v. Walker,* 653 P.2d 931 (Okl.1982); *Also See, Bill Hodges Truck Co. v. Humphrey,* 704 P.2d 94 (Okl.App.1984) (*cert. denied*). An uninsured motorist carrier does not stand in the tortfeasor's shoes and the conditions for recovery under an uninsured motorist policy can be satisfied even if the insured cannot prove all the elements of the tort against the uninsured. *Uptegraft v. Home Insurance Company,* 662 P.2d 681 (Okl. 1983) *at 685* states:

> "The words 'legally entitled to recover' simply mean that the insured must be able to establish *fault* on the part of the uninsured motorist which gives rise to damages and prove the extent of those damages." [1]

Though *fault* is not an issue in a Workers' Compensation proceeding, such is not exclusively litigable in a common law tort action, but may be proved as a condition of recovery in an action founded upon contract. The term "legally entitled to recover" does not mean that an insured must be able to proceed against an unin-

sured/underinsured in *tort* in order to collect uninsured motorist benefits.[2] Recovery under an uninsured motorist provision derives from the contractual promise of the insurer to the insured to provide coverage in the event of bodily injury, sickness or disease, including death, resulting by fault of an uninsured/underinsured motorist. Because our uninsured motorist statute, 36 O.S. 1981 § 3636 mandates coverage to the same extent as that required by 47 O.S. 1981 § 7–204, and provides that increased limits of liability shall be offered and purchased if desired, any restriction must be closely scrutinized; and we accordingly decline an interpretation which would present a conflict between 36 O.S. 1981 § 3636 and the Workers' Compensation Act.

In the present case, the decedent, Vern L. Barfield stood in a position different than that of a mere passenger or employee. Decedent's widow is not attempting to recover from a policy with which decedent had no connection. Instead she merely seeks to recover under a policy which insured plaintiff's decedent against financially irresponsible motorists. Insureds are entitled to uninsured motorist coverage under their policies regardless of the circumstances that exist when they are personally injured through the fault of an uninsured motorist. *Babcock v. Adkins,* 695 P.2d 1340 (Okl.1985). The application of principles of contract resolves that insureds are entitled to benefit from policies for which premiums have been paid. This Court has consistently held that insureds are not to be denied recovery under multiple policies. *See, e.g., Keel v. MFA Insur-*

---

1. The rationale and legal application of *Uptegraf* will permit no other conclusion than herein reached. Another result would be inconsistent. In *Uptegraf* and the case at bar the tortfeasor is at fault and responsible for the injury but protected by a statute. We cannot agree that protection afforded a tortfeasor by a statute of limitation is distinguishable from protection afforded a tortfeasor by a statute which grants immunity.

2. The following cases discuss the phrase "legally entitled to recover" and allow recovery by the insured under uninsured motorist coverage even though the tortfeasor was protected from liability by law: *State Farm Mutual Automobile*

*Ins. Co. v. Baldwin,* 764 F.2d 773, 778–779 (11th Cir.1985), governmental immunity; *Dodson v. Aetna Casualty & Surety Co.,* 649 F.Supp. 1455, 1457–1460 (E.D.Va.1986), workers' compensation immunity; *Watkins v. United States,* 462 F.Supp. 980, 991 (S.D.Ga.1977), governmental immunity; *Allstate Insurance Co. v. Elkins,* 77 Ill.2d 384, 33 Ill.Dec. 139, 396 N.E.2d 528, 531 (1979), interspousal immunity; *Murphy v. U.S. Fidelity and Guaranty Co.,* 120 Ill.App.3d 282, 75 Ill.Dec. 886, 889, 458 N.E.2d 54, 57 (1983), statute of limitations bar. The *Elkins* case is contra to *Williams v. Country Mutual Ins. Co.,* 28 Ill. App.3d 274, 328 N.E.2d 117 (1975) cited by the dissent.

*ance Co.,* 553 P.2d 153 (Okl.1976); *State Farm Mut. Auto Ins. Co. v. Wendt,* 708 P.2d 581 (Okl.1985). The contractual protection afforded by the decedent's own policy of insurance is thus co-existent and consistent with recovery of benefits through the insurance carrier of the decedent's employer pursuant to the provisions of the Workers' Compensation Act. The imposition of both policies does not represent a windfall to the insured. The insured has paid the insurer a premium for uninsured/underinsured motorist protection. It woudl be manifestly unjust to permit the insurer to avoid its contractual duty, as well as its statutorily imposed liability under 36 O.S. 1981 § 3636, by its assertion of entitlement to third party tort immunity which would deny the insured's widow receipt of that for which the decedent has paid a premium. *See, Keel, supra, for parallel.*

The above premises considered, the summary judgment of the trial court is REVERSED and this case is REMANDED for further proceedings consistent with the dictates of this opinion.

REVERSED AND REMANDED.

DOOLIN, C.J., and SIMMS and SUMMERS, JJ., concur.

KAUGER, J., concurs by reason of stare decisis.

HARGRAVE, V.C.J., and HODGES, LAVENDER and OPALA, JJ., dissent.

OPALA, Justice, with whom HARGRAVE, Vice Chief Justice, and HODGES and LAVENDER, Justices, join, dissenting.

The court holds that the risk carrier of uninsured/underinsured motorist [UM] coverage *must* answer in damages for the death of its insured even though the tortfeasor-motorist stands shielded from liability by the immunity conferred in the Workers' Compensation Act.[1] I cannot join in today's pronouncement.

The purpose of the statutory mandate for UM coverage, 36 O.S. 1981 § 3636, is to afford first-party protection for bodily injury or death occasioned to an insured who is *"... legally entitled to recover damages from owners or operators of uninsured motor vehicles...."* [Emphasis added.] The insurer's liability clearly is *gauged by that of another*—the uninsured/underinsured tortfeasor. Although the carrier's *ex contractu* obligation may be enforced under a longer statute of limitations than that which governs the *ex delicto* claim against an uninsured tortfeasor,[2] the insured must nonetheless show, as a condition of recovery, that the uninsured/underinsured motorist *bears liability* for the harmful event. The coverage extends *only* to situations in which the offending motorist *lacks insurance* or is *inadequately insured;* it does not apply when the owner or operator *is cloaked with immunity from liability.* In the latter event the insured *cannot* be regarded as one who, within the meaning of § 3636, stands *"... legally entitled to recover damages from ..."* the uninsured tortfeasor.[3]

1. 85 O.S.Supp.1984 § 12 and 85 O.S.1981 § 122; see in this connection, *Harter Concrete Products, Inc. v. Harris,* Okl., 592 P.2d 526 [1979] and *Carroll v. District Ct. of Fifteenth Jud. Dist., Cherokee County,* Okl., 579 P.2d 828 [1978].

2. See, *Uptegraft v. Home Insurance Co.,* Okl., 662 P.2d 681, 684 [1983].

3. *Williams v. Country Mutual Insurance Company,* 28 Ill.App.3d 274, 328 N.E.2d 117 [1975] (workers' compensation immunity) (the later case of *Allstate Ins. Co. v. Elkins,* 77 Ill.2d 384, 33 Ill.Dec. 139, 396 N.E.2d 528 [1979] neither overrules, nor is its rationale in discord with, *Williams, supra* ); *Gray v. Margot Inc.,* 408 So.2d 436, 438 [La.App.1981] (workers' compensation immunity); *Hopkins v. Auto-Owners Insurance Company,* 41 Mich.App. 635, 638, 200

N.W.2d 784, 786 [1972] (workers' compensation immunity); *Hubbel v. Western Fire Ins. Co.,* 706 P.2d 111, 112–113 [Mont.1985] (workers' compensation immunity); *York v. State Farm Fire & Cas. Co.,* 64 Ohio St.2d 199, 414 N.E.2d 423 [1980] (governmental immunity) and *Sayan v. United Services Auto. Ass'n,* 43 Wash.App. 148, 716 P.2d 895, 897 [1986] (workers' compensation immunity); see also *Karlson v. City of Oklahoma City,* Okl., 711 P.2d 72, 75 [1985] (Opala, J., dissenting) (limited governmental liability); see also, Annot., Actual Notice or Knowledge by Governmental Body or Officer of Injury or Incident Resulting in Injury as Constituting Required Claim or Notice of Claim for Injury—Modern Status, 7 ALR4th 1063 [1981]. In *Hopkins v. Auto-Owners Insurance Company, supra,* the court concluded that "[b]ecause of

I would hold that the plaintiff-administratrix does not have an actionable claim against her decedent's UM carrier. The demand she presses here is *not* for a tort loss that is *legally recoverable* from the co-employee-driver. I would hence affirm the trial court's summary judgment for the insurer.

the exclusiveness of the workman's compensation coverage, plaintiff never had a remedy against the tortfeasor" and to allow the plaintiff to recover *"would be to grant ... a windfall not contemplated by the parties ... and not intended by the Legislature...."* [Emphasis supplied.]