Danny CHANCE, Plaintiff,

v.

The FARM BUREAU MUTUAL INSURANCE COMPANY, INC., Defendant.

No. 89–1599–C.

United States District Court, D. Kansas.

Jan. 3, 1991.

Danny Chance, Oklahoma City, Okl., pro se.

Paul Hasty, Jr., Wallace, Saunders, Austin, Brown & Enochs, Overland Park, Kan., for defendant.

## MEMORANDUM AND ORDER

CROW, District Judge.

This matter comes before the court upon Farm Bureau Mutual Insurance Company, Inc.'s (Farm Bureau) (defendant) motions to dismiss and upon Danny Chance's (plaintiff) motion to dismiss without prejudice. The primary issue in this case is whether Kansas law would permit recovery by a plaintiff under the uninsured motorist provision of the insured's (co-employee's) policy, where the plaintiff was injured in a work-related motor vehicle accident and where the co-employee/vehicle operator had liability insurance, but where the exclusive remedy clause of the workers' compensation act bars the plaintiff's tort claim against the co-employee.

A brief chronology best explains the current posture of this case. On November 17, 1984, Chance was injured in an automobile accident while in the general vicinity of Liptom, Texas. At the time of the accident, Chance was traveling in an automobile owned and operated by Leonard Stover. Stover was a fellow employee of Chance's; at the time of the accident the two were acting within the course and scope of their jobs with the Unit Drilling Company. The accident was allegedly caused by the negligence of Leonard Stover.

At the time of the accident, Stover's automobile was covered by a policy of automobile liability insurance issued by Farm Bureau. The insurance policy provided for, among other things, liability coverage, medical expenses and uninsured motorist coverage. The policy provided coverage to any occupant of the auto.

Following the auto accident, Chance recovered workers' compensation benefits for injuries he sustained as a result of the auto accident. Under the law of Oklahoma, an injured worker cannot sue a fellow employee as the workers' compensation scheme is the injured worker's exclusive remedy.[1]

On November 17, 1989, Chance filed suit against Farm Bureau, basically alleging the facts described above. Chance alleges two causes of action. In Count I, Chance contends that Stover, because he is immune from suit due to his status as a fellow employee, was an uninsured motorist within the terms of the Farm Bureau policy. Chance therefore contends that he, as an "insured," should be allowed to access the uninsured motorist coverage. In Count II of the complaint, Chance seeks compensation for Farm Bureau's alleged bad faith denial of his uninsured motorist claim.

On February 8, 1990, Farm Bureau filed motions to dismiss both counts of Chance's complaint. On March 9, 1990, Chance filed a memorandum in response to Farm Bureau's motions to dismiss. Chance's memorandum did not address Farm Bureau's motion to dismiss Count II.

---

1. *See* Okl.Stat. tit. 85, § 12 (West 1991).

■ On September 13, 1990, Chance moved for dismissal without prejudice, pursuant to Fed.R.Civ.P. 41(a)(2) and K.S.A. 60–518, based upon his physical condition. On September 20, 1990, Farm Bureau responded in opposition to Chance's motion to dismiss without prejudice. Farm Bureau contends that, notwithstanding Chance's illness, the court should rule on Farm Bureau's February 8, 1990, motions to dismiss. Farm Bureau contends that the court should rule on the motions as they are, if granted, totally dispositive of plaintiff's claim.

The court concludes that it is appropriate to rule on the February 8, 1990, motions to dismiss as they are dispositive of the plaintiff's claims. "Under Rule 12(b)(6), dismissal is inappropriate unless plaintiff can prove no set of facts in support of his claim to entitle him to relief." *Thatcher Enterprises v. Cache County Corp.*, 902 F.2d 1472 (10th Cir.1990). The issues presented by this case are purely questions of law; therefore the fact that Chance is apparently ill does not affect the court's ability to rule on the dispositive motions.

### UNINSURED MOTORIST COVERAGE

Chance contends that because the exclusive remedy of the workers' compensation scheme bars suit against Stover, Stover is, in essence, an "uninsured" motorist. According to Chance's analysis, this factual scenario should enable him to access Stover's uninsured motorist coverage. Farm Bureau contends that this argument is frivolous. The heart of Farm Bureau's argument centers on the fact that Stover's automobile is covered by liability insurance. Therefore, by the terms of the insurance policy, Chance cannot access the uninsured motorist coverage because the car in which he was injured was not "uninsured." Farm Bureau also contends that Chance is not "legally entitled to recover" from Stover, and thus by the terms of the policy it is not required to make uninsured motorist payments.

■ The parties suggest, and the court agrees, that the interpretation of this insurance contract and whether Stover is "unin-

sured" within the meaning of that contract is governed by Kansas law. *See Prudential Ins. Co. of America v. Carlson*, 126 F.2d 607 (10th Cir.1942). An insurance policy is a contract. Generally, ambiguous insurance contracts are to be construed in favor of the insured. *Carriers Ins. Co. v. American Home Assur. Co.*, 512 F.2d 360, 362 (10th Cir.1975). However, plain and unambiguous policies must be given their plain meaning. *Central Sec. Mut. Ins. Co. v. DePinto*, 235 Kan. 331, 681 P.2d 15 (1984).

In relevant part, the policy which covered Stover's automobile provides:

#### Insuring Agreement

We will pay damages which an **insured person** is legally entitled to recover from the owner or operator of an **uninsured motor vehicle** or an **underinsured** motor vehicle because of **bodily injury**:

1. Sustained by an **insured person**; and
2. Caused by an accident.

. . . . .

#### Payment By Us

Any amount due is payable to the:
1. Insured;

. . . . .

**Insured Person (s)** as used in this part means:
1. **You** or a **relative**;
2. Any other person **occupying your insured vehicle**; or

. . . . .

**Uninsured Motor Vehicle** means a land motor **vehicle, trailer** or **semi-trailer** of any type:
1. To which no bodily injury liability bond or policy applies at the time of the accident;

. . . . .

3. To which a bodily injury liability bond or policy applies at the time of the accident but the bonding or insuring company:
a. denies coverage;

■ Kansas has not addressed the precise issue presented by this case. However, Kansas cases interpreting the phrase

"legally entitled to recover" indicate that Kansas would not allow an individual in Chance's position to access uninsured motorist benefits. In addition, the great weight of authority from other jurisdictions, as well as treatises on the subject, deny an individual in Chance's position access to uninsured motorist coverage.

In *Patrons Mutual Ass'n v. Norwood,* 231 Kan. 709, 647 P.2d 1335 (1982), the Supreme Court of Kansas addressed the issue of whether the Kansas doctrine of interspousal immunity precludes recovery of damages by a husband for personal injuries suffered in an automobile accident caused by his wife's negligence where such recovery is sought under the uninsured motorist provisions of a liability policy issued to his wife.[2] In order to recover uninsured motorist benefits under K.S.A. 40–284, one must show that he or she is "legally entitled to recover" damages from the uninsured motorist. 231 Kan. 709, Syl. ¶ 1, 647 P.2d 1335. After tracing the history of uninsured motorist insurance, the court concluded that "legally entitled to recover" means a claimant must prove the insured motorist is legally liable to him or her for damages in spite of all substantive defenses. The court held that the doctrine of interspousal immunity prevented the husband from being "legally entitled to recover" damages from his wife.

In *Winner v. Ratzlaff,* 211 Kan. 59, 505 P.2d 606 (1973), the issue was "whether it is requisite to recovery against an uninsured motorist liability carrier that judgment first be obtained against the uninsured motorist, that is to say, is the establishment of liability on the part of the uninsured motorist a condition precedent to recovery under an uninsured motorist policy?" The court found no requirement that the claimant must first sue and establish fault of the uninsured motorist before making a claim against the uninsured motorist insurance carrier.

The court construed the phrase "legally entitled to recover as damages" to mean:

"[T]he insured must be able to establish fault on the part of the uninsured motorist which gives rise to the damages and to prove the extent of those damages. This would mean that in a direct action against the insurer the insured has the burden of proving that the other motorist was uninsured, and the amount of this liability. In resisting the claim the insurer would have available to it, in addition to policy defenses compatible with the statute, the substantive defenses that would have been available to the uninsured motorist such as contributory negligence, etc."

211 Kan. at 64, 505 P.2d 606.

If the insurance company can assert any defense that would have been available to the uninsured motorist (in the case at bar the exclusive remedy of the workers' compensation scheme), then an injured person cannot recover from the insurance company when it could not recover against the tortfeasor. The reasonable inference to be drawn from these cases is that the exclusive remedy of the workers' compensation scheme does not transform an otherwise "insured" motorist into an "uninsured" motorist and that the insurance company may raise the exclusive remedy bar as a defense to the payment of uninsured motorist benefits.

Other Kansas cases indicate that Kansas would not allow an individual in Chance's position to access uninsured motorist coverage. *See Hilyard v. Estate of Clearwater,* 240 Kan. 362, 729 P.2d 1195 (1986) (K.S.A. 40–284 does not contemplate a situation where the "uninsured owner or operator" is the owner of an automobile liability insurance policy); *State Farm Mutual Automobile Ins. Co. v. Cummings,* 13 Kan. App.2d 630, 778 P.2d 370 (1989) ("Where either the owner or the driver of a vehicle is covered by the minimum insurance limits required by law, the vehicle is not 'uninsured' within the meaning of the Kansas uninsured motorist statutes, and the injured parties are not permitted access to

---

**2.** At the time of *Norwood,* Kansas still recognized the doctrine of interspousal immunity. In *Flagg v. Loy,* 241 Kan. 216, 734 P.2d 1183 (1987), the Supreme Court of Kansas abrogated the doctrine of interspousal immunity.

the uninsured motorist coverage in their own policies.")

While established Kansas law indicates that Chance cannot access Stover's uninsured motorist coverage, the court has reviewed cases from other jurisdictions. While a split of authority does exist, the weight of authority is against the interpretation advanced by Chance.

In *Aetna Casualty and Surety Co. v. Dodson*, 235 Va. 346, 367 S.E.2d 505 (1988), the United States Court of Appeals for the Fourth Circuit certified the following question to the Supreme Court of Virginia:

> Does Virginia law permit recovery by an insured's estate under the UM provision of the insured's policy (paid for by the insured), where the insured was killed in a work-related motor vehicle accident and where the employer/vehicle owner and co-employee/vehicle operator both had insurance, but where the exclusive remedy clause of the Virginia Workmen's Compensation Act bars recovery under those other policies?

The Supreme Court of Virginia answered in the negative. The Supreme Court of Virginia commented:

> The phrase "legally entitled to recover as damages" interposes, as a condition precedent to the UM insurer's obligation, the requirement that the insured have a legally enforceable right to recover damages from an owner or operator of an uninsured motor vehicle. We do not perceive a rational alternative which would render the phrase ambiguous. (Footnote omitted).

> Because workers' compensation afforded the exclusive remedy against the decedent's employer and fellow employees for his accidental death, his statutory beneficiaries are not "legally entitled to recover" damages against them. It follows that a condition precedent to Aetna's liability under its UM endorsement was not met.

In *Perkins v. Ins. Co. of North America*, 799 F.2d 955 (5th Cir.1986), the fifth circuit commented:

> Ordinarily, for the uninsured motorist clause to operate in the first place, the

uninsured third person must be legally subject to liability. Thus, if the third person is specifically made immune to tort suit by the compensation act's exclusive remedy clause, the uninsured motorist provision does not come into play. In the familiar example of coemployee immunity, the issue thus becomes whether the accident was in the course of employment; if it was, the uninsured motorist carrier has no liability.

799 F.2d at 959 (quoting A. Larson, 2a Workmen's Compensation Law 71.23(j) at 14–44 (1983)). The Fifth Circuit concluded that because an employee who had been injured during the course of his employment was not legally entitled to recover damages from his employer or coemployee (due to the exclusive remedy of the worker's compensation), the injured employee was not entitled to recover uninsured motorist benefits under the employer's uninsured motorist policy.

The weight of authority and the case law of Kansas persuades this court that Kansas would not allow Chance to access Stover's uninsured motorist coverage. Stover's automobile was covered by liability insurance. It seems anomalous that an "insured" automobile could at the same time be an "uninsured" automobile under that same policy. *See Dale v. Home Insurance Company*, 479 So.2d 1290 (Ala. Civ.App.1985) (fireman injured in a one-vehicle accident not entitled to uninsured motorist coverage because "the fire truck cannot be both an 'insured vehicle,' with coverage for the plaintiff under the uninsured motorist provision of the Home policy, and an 'uninsured vehicle' under the same Home policy.")

Chance has identified a case from Oklahoma which generally supports his position. In *Barfield v. Barfield*, 742 P.2d 1107 (Okl.1987), Vern L. Barfield and Robert E. Barfield were killed in a one-vehicle accident. The accident occurred during the course of their employment. Vern and Robert's surviving spouses were each awarded death benefits under the Oklahoma Workers' Compensation Act.

Vern's surviving spouse, Jacqueline, brought a wrongful death suit against Robert's estate.[3] Jacqueline also brought suit against Kansas City Fire and Marine Insurance Company to recover on her husband's uninsured motorist coverage. Jacqueline alleged that her husband's injuries and death was caused by the negligence of Robert and that at the time of the accident Robert was an uninsured or underinsured motorist. Jacqueline sought to recover under the uninsured motorist insurance in force and effect in favor of Jacqueline and Vern for the injuries caused by the negligence of an uninsured or underinsured motorist.

The Supreme Court of Oklahoma, in a divided court,[4] concluded that it would be manifestly unjust to permit the insurer to avoid its contractual and statutorily defined duties to assert third party tort immunity as a defense to payment of the insured's widow for protection which the decedent had paid a premium. The court commented:

> The term "legally entitled to recover" does not mean that an insured must be able to proceed against an uninsured/underinsured in tort in order to collect uninsured motorist benefits. Recovery under an uninsured motorist provision derives from the contractual promise of the insurer to the insured to provide coverage in the event of bodily injury, sickness or disease, including death, resulting by fault of an uninsured/underinsured motorist. Because our insured motorist statute, 36 O.S.1981 § 3636 mandates coverage to the same extent as that required by 47 O.S.1981 § 7-204, and provides that increased limits of liability shall be offered and purchased if desired, any restriction must be closely scrutinized; and we accordingly decline an interpretation which would present a conflict between 36 O.S.1981 § 3636 and the Workers' Compensation Act.

742 P.2d at 1112. Therefore, Oklahoma, under prior case law and specific statutory authority, has interpreted the phrase "legally entitled to recover" differently than Kansas and is therefore not particularly instructive in the resolution of this case.

Although *Barfield* is generally supportive of Chance's argument, the Supreme Court of Oklahoma commented:

> In the present case, the decedent, Vern L. Barfield stood in a position different than that of a mere passenger or employee. Decedent's widow is not attempting to recover from a policy with which decedent had no connection. Instead she merely seeks to recover under a policy which insured plaintiff's decedent against financially irresponsible motorists. Insureds are entitled to uninsured motorist coverage under their policies regardless of the circumstances that exist when they are personally injured through the fault of an uninsured motorist.

742 P.2d at 1112. Therefore it is not clear that Oklahoma would allow Chance to recover under a policy to which he was not a party.

Several courts have expressly declined to follow *Barfield*. *See Kough v. New Jersey Automobile Full Ins. Underwriting Assoc.*, 237 N.J.Super. 460, 568 A.2d 127 (1990); *Romanick v. Aetna Casualty and Surety Co.*, 59 Wash.App. 53, 795 P.2d 728 (1990); *Cormier v. National Farmers Union Property & Casualty Co.*, 445 N.W.2d 644 (N.D.1989).

Chance directs the court's attention to an excerpt from Professor Widiss' treatise titled *Uninsured and Underinsured Motorist Insurance*. Chance has included a photocopy of the excerpt in his response to the defendant's motion to dismiss.[5] While the photocopied portion of Widiss' treatise might be generally viewed as supporting Chance's arguments, the court has reviewed the entire section of the treatise discussing uninsured motorist coverage.

---

**3.** This claim was dismissed by the court as the Workers' Compensation scheme was Jacqueline's sole remedy.

**4.** The case was decided by a 5–4 vote. The deciding vote was cast by Justice Kauger, who concurred by reason of stare decisis.

**5.** The excerpt is undated.

**1446**

In a subsection titled "Workers' Compensation," Widiss comments:

The number of judicial decisions addressing questions about the relationship between the coverage afforded by workers' compensation and uninsured motorist insurance has notably increased in the past decade. Courts in several states have sustained denials of uninsured motorist insurance claims by insureds who have been compensated by workers' compensation.

Widiss, § 7.14, at 304–305. Later in that same subsection Widiss comments:

*Distinguishing injuries that are not caused by a "fellow employee."* When uninsured motorist insurance is claimed for injuries that are caused by a "fellow employee," the justification for sustaining one or another of the coverage limitations (enumerated above) is very persuasive. The workers' compensation plan precludes tort claims against a fellow employee and the employer—that is, the statutory provisions establishing the workers' compensation plan typically also specify that it is the exclusive "remedy" and eliminate tort claims. In such circumstances, coverage limitations that preclude uninsured motorist insurance claims harmonize with the legislative enactments.

Widiss, § 7.14, at 310.

In sum the court concludes that Chance is not entitled to uninsured motorist benefits under Stover's policy with Farm Bureau. Because of the exclusive remedy of the workers' compensation scheme, Chance is not "legally entitled to recover" against Stover. Nor does the exclusive remedy of the workers' compensation scheme convert Stover's automobile into an "uninsured motor vehicle." Stover's policy included liability insurance and therefore he was not "uninsured" at the time of the accident. Under the terms of the policy, Chance is not entitled to uninsured motorist benefits. Farm Bureau's motion to dismiss Count I is granted.

### BAD FAITH CLAIM

■ Farm Bureau seeks to dismiss count II of Chance's complaint. Chance does not expressly respond to this issue. Because the court concludes that Farm Bureau is not liable to Chance under the uninsured motorist coverage, there is, of course, no evidence of "bad faith." In any event, it is clear that Kansas does not recognize bad faith as an independent tort. *See Heinson v. Porter,* 244 Kan. 667, 675, 772 P.2d 778 (1989); *State Farm Fire & Casualty Co. v. Liggett,* 236 Kan. 120, 689 P.2d 1187 (1984); *Spencer v. Aetna Life & Casualty Ins. Co.,* 227 Kan. 914, 611 P.2d 149 (1980).

IT IS THEREFORE ORDERED that Chance's motion to dismiss without prejudice (Dk. 21) is denied.

IT IS FURTHER ORDERED that Farm Bureau's motions to dismiss (Dk. 7 and 9) are granted.