Linda Darlene ROSE, Appellant,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, an Illinois Corporation, Appellee.

and

Gary Lee Howard, Defendant.

No. 74374.

Court of Appeals of Oklahoma, Division No. I.

Dec. 10, 1991.

Patricia F. Brion, Oklahoma City, for appellant.

Brian M. Dell, Oklahoma City, for appellee.

## MEMORANDUM OPINION

GARRETT, Presiding Judge:

Linda Darlene Rose (Rose) was a passenger in a 1978 Chevrolet pickup truck. This truck was owned by her. Her son, Jonathan Paul Marriott, was the driver. The 1978 pickup collided with a car being driven by Gary Lee Howard (Howard). Howard is not a party to this appeal. Rose's son is not a party to this action.

The 1978 pickup was covered by an insurance policy (Policy One) issued by State Farm Mutual Automobile Insurance Company (State Farm). Policy One contained liability coverage only. Rose had signed a document which specifically excluded uninsured/underinsured motorist coverage in Policy One. The liability portion of Policy One contained the words:

> In addition to the limitations of coverage in "Who is an Insured" and "Trailer Coverage":
>
> THERE IS NO COVERAGE:
>
> .    .    .    .    .
>
> 2.   For any bodily injury to:
>
> .    .    .    .    .
>
> C.   ANY INSURED OR ANY MEMBER OF AN INSURED'S FAMILY RESIDING IN THE INSURED'S HOUSEHOLD.

Rose also owned a 1980 Chevrolet pickup. It was covered by a separate automobile insurance policy (Policy Two) issued by State Farm. Policy Two contained an uninsured/underinsured motorist (UM) provision that stated:

> SECTION III—UNINSURED MOTOR VEHICLE—COVERAGE U

You have this coverage if "U" appears in the "coverages" space on the declarations page.

We will pay for bodily injury an insured is *legally entitled to collect* from the owner or driver of an uninsured motor vehicle. The bodily injury must be caused by accident arising out of the operation, maintenance or use of an uninsured motor vehicle.

Uninsured Motor Vehicle—means:

1. a landmotor vehicle, the ownership, maintenance or use of which is:

   a. not insured or bonded for bodily injury liability at the time of the accident; or ... (Emphasis added.)

As pertinent to this decision, Rose filed this action seeking compensation under the UM coverage in Policy Two for damages allegedly caused by her son's negligence. State Farm denied coverage. Rose moved for partial summary judgment. She contends that since she and her son were excluded from coverage for bodily injury in Policy One, he was an uninsured motorist and she is entitled to recover under the UM portion of Policy Two. State Farm responded and filed a Cross Motion for Summary Judgment. It agreed with Rose's assertion that she and her son were excluded from coverage for bodily injury under Policy One, but denied that Rose had a legal right to collect from her son for injuries caused by his negligence because of parent-child tort immunity. Therefore, State Farm asserted, Rose was not covered by the UM provisions in Policy Two.

The trial court sustained State Farm's counter-motion and entered judgment in its favor against Rose. The Court relied on *Hill v. Graham*, 424 P.2d 35 (Okl.1987), and the doctrine of parent-child tort immunity; and, held that a parent has no cause of action against an unemancipated minor child to recover damages for personal injuries received as a result of the minor's negligence. The trial court held that since Rose could not maintain an action against her son, she was not "legally entitled to collect" and could not make a claim against State Farm under the UM coverage portion of Policy Two. This was error.

Rose need not be entitled to maintain a tort action against her son to be able to recover under the UM portion of her policy with State Farm. *Barfield v. Barfield*, 742 P.2d 1107 (Okl.1987). In *Barfield*, the Court allowed recovery under a UM policy where the plaintiff/employee had previously recovered under exclusive workers' compensation statutory benefits. The Court discussed the phrase "legally entitled to recover", analogous to the phrase "legally entitled to collect" contained in Rose's policy, and stated: (742 P.2d at 1112.)

An uninsured motorist carrier does not stand in the tortfeasor's shoes and the conditions for recovery under an uninsured motorist policy can be satisfied even if the insured cannot prove all the elements of the tort against the uninsured. *Uptegraft v. Home Insurance Company*, 662 P.2d 681 (Okl.1983) at 685 states:

"The words 'legally entitled to recover' simply mean that the insured must be able to establish *fault* on the part of the uninsured motorist which gives rise to damages and prove the extent of those damages."

. . . . .

The term "legally entitled to recover" does not mean that an insured must be able to proceed against an uninsured/underinsured in *tort* in order to collect uninsured motorist benefits. Recovery under an uninsured motorist provision derives from the contractual promise of the insurer to the insured to provide coverage in the event of bodily injury, sickness or disease including death, resulting by fault of an uninsured/underinsured motorist.

*Uptegraft v. Home Ins. Co.*, 662 P.2d 681 (Okl.1983), quoted in *Barfield*, involved an insured's action for recovery under a UM policy even though the statute of limitations had run in favor of the tortfeasor. The Court allowed recovery and found two elements to exist in the phrase "legally entitled to recover". First, that the insured be able to establish fault on the part of the uninsured motorist that gives rise to damages; and second, the extent of those

damages. An action against an insurance company to recover damages under an uninsured/underinsured coverage is ex contractu, and not ex delicto. The fact that an action against the tortfeasor was time barred did not prevent recovery under the insurance policy [contract].

To make a successful claim against her UM coverage in Policy Two, Rose is not required to be entitled to maintain an action against her son. She need only establish his fault and the extent of the resultant damages. The parent-child tort immunity doctrine is not applicable to this action.

The UM coverage purchased by Rose in Policy Two is a contractual promise by State Farm to pay her when the policy conditions (and statutory conditions) are satisfied. *See* 36 O.S.1981 § 3636, as amended. UM coverage is different from liability coverage that runs with the automobile. The coverage runs with Rose, and is not tied to an automobile. See *State Farm Mutual Automobile Ins. Co. v. Wendt,* 708 P.2d 581 (Okl.1985); *Cothren v. Emcasco Insurance Co.,* 555 P.2d 1037 (Okl.1976).

The trial court erred in entering summary judgment for State Farm. Several fact questions remain. These include (but are not necessarily limited to): was the son at fault, and, if so, did that give rise to Rose's alleged damages, and, if so, the extent of those damages?

REVERSED AND REMANDED for further proceedings not inconsistent with this opinion.

BAILEY and ADAMS, JJ., concur.