Carolyn J. HOLLAND; Walter
W. Holland, Sr., H/W,

v.

GEICO GENERAL INSURANCE COM-
PANY; Clinton L. Johnson, Esquire
Geico General Insurance Company,
Appellant.

No. 01–4508.

United States Court of Appeals,
Third Circuit.

Argued Sept. 19, 2002.

Decided Oct. 8, 2002.

David M. McCormick (argued), McCor-
mick & Priore, Philadelphia, PA, for Ap-
pellant.

Barry W. Krengel (argued), Dolchin,
Slotkin & Todd, P.C., Philadelphia, PA, for
Appellee.

Before SCIRICA, ALITO, and
MCKEE, Circuit Judges.

OPINION OF THE COURT

PER CURIAM.

Because we write for the parties only, we need not review the facts or procedural history of this case. The District Court applied Pennsylvania law and ordered the parties to arbitrate their dispute. Finding the controversy within the scope of an arbitration clause, the District Court limited its inquiry to whether GEICO's uninsured-motorist ("UM") coverage violated public policy, which it answered affirmatively, and declined to address the statute of limitations. Accordingly, it denied GEICO's motion for summary judgment. We affirm.

This Court gives plenary review to a denial of summary judgment. *Carrick v. Zurich–American Ins. Grp.*, 14 F.3d 907, 909 (3d Cir.1994). Because no decision of the Pennsylvania Supreme Court squarely addresses the controversy, we must inquire, as the District Court did, how the Pennsylvania Supreme Court would likely

rule. The parties agree that the state's law on January 27, 1991, governs.

The District Court declined to decide whether the four-year statute of limitations bars Holland's action. Holland and GEICO had contracted to arbitrate any dispute "as to [the] amount payable" under the insurance policy. The parties' dispute is clearly within that compass, rendering the arbitrators "the final judges of law and fact," *Brennan v. Gen. Acci. Fire & Life Assurance Corp.*, 524 Pa. 542, 574 A.2d 580, 583 (Pa.1990), including the question whether a statute of limitations bars a claim. *Merchants Mut. Ins. Co. v. Am. Arbitration Assoc.*, 433 Pa. 250, 248 A.2d 842, 844 (Pa.1969). The District Court's approach was therefore proper.

The general rule favoring arbitration, however, includes an exception for a court asked to adjudicate an insurance plan's compatibility with public policy. *See War-ner v. Continental/CNA Ins. Cos.*, 455 Pa.Super. 295, 688 A.2d 177, 181 (Pa.Super.1996). Holland argues, and the District Court agreed, that the UM clause in GEICO's insurance plan violated Pennsylvania public policy as expressed in sections 1735 and 1737 of its Motor Vehicle Financial Responsibility Law ("MVFRL"). The two sections in effect on January 27, 1991 provide, respectively,

> The [UM] coverages required by this subchapter shall not be made subject to an exclusion or reduction in amount because of any workmen's compensation benefits payable as a result of the same injury.
>
> \* \* \* \* \* \*
>
> Notwithstanding anything contained in . . . the Pennsylvania Workmen's Compensation Act, no employee who was otherwise eligible shall be precluded from recovery of uninsured or underinsured motorist benefits from an employ-

er's motor vehicle policy under this chapter or the [Uninsured Motorist Act]. 75 Pa. Cons.St. §§ 1735, 1737 (repealed). The MVFRL must "be construed to provide the greatest possible coverage to injured claimants," *Burstein v. Prudential Prop. & Cas. Ins. Co.*, 742 A.2d 684, 687 (Pa.Super.1999), and courts should resolve "close or doubtful cases" in favor of insureds. *Nationwide Mut. Ins. Co. v. Cosenza*, 258 F.3d 197, 208 (3d Cir.2001).

GEICO alleges that Holland cannot recover because the insurance policy limits payouts to "damages for bodily injury caused by accident which the insured is legally entitled to recover from the owner or operator of an uninsured motor vehicle," and Holland was not legally entitled to recover from her co-employee due to the workers' compensation regime. This interpretation supposes that the requirement of "otherwise eligible" in § 1737 encompasses the "legally entitled" threshold in the insurance policy's language; GEICO claims that because Holland was not "legally entitled" to recover from her coworker, she was not "otherwise eligible" to recover UM benefits.

We agree with the District Court that the Pennsylvania Supreme Court would rule differently. The plain language of § 1737 clearly provides that someone otherwise eligible to claim UM benefits from certain policies may do so notwithstanding a legal bar to direct recovery in tort from a coworker or employer. In context, "otherwise eligible" unquestionably implies eligibility *but for* legal bars established by the workers' compensation regime. In fact, we would consider § 1737 precisely on point in the current controversy if not for the language limiting its application to employers' insurance policies.

As written, however, § 1737 appears more generally to evince a policy judgment of the Pennsylvania legislature to encourage insureds to augment their workers'

compensation protection with UM coverage. Construing the provision in concert with § 1735 further supports this view. *See Selected Risks Ins. Co. v. Thompson,* 520 Pa. 130, 552 A.2d 1382, 1388 (Pa.1989) (reading § 1735 as "a persuasive statement of what the legislature perceives as the appropriate public policy in dealing with" shortfalls between workers' compensation coverage and civil liability). We do not think that policy judgment would countenance a windfall to GEICO merely because Holland's claim does not implicate an "employer's motor vehicle policy." Accordingly, we affirm the District Court's holding that the uninsured motorist's position as a coworker does not preclude Holland from claiming benefits from GEICO under her UM insurance. We believe that the Pennsylvania Supreme Court would find the alternative contrary to the state's public policy as expressed in the version of the MVFRL in force during the accident.

We have considered all of the appellant's arguments and see no grounds for reversal. The judgment of the District Court is affirmed in full.