OPINION
LIFLAND, District Judge.
Nationwide Mutual Insurance Company (“Nationwide”) filed this declaratory judgment suit in the United States District Court for the Middle District of Pennsylvania, seeking to determine its obligation, if any, to pay underinsured motorist benefits to Sharon Chiao (“Chiao”) under her automobile policy, where Chiao was injured solely by the negligence of a co- *182 employee. The District Court entered summary judgment in favor of Chiao, holding that Nationwide had improperly refused to provide coverage, despite the policy’s limitation of compensatory damages to those that are “due by law.” We will reverse.
I.
Because we write only for the benefit of the parties, we will only briefly recount the relevant facts herein. On December 8, 1998, Chiao and her co-worker, Janet K. Wilkinson (‘Wilkinson”), were driving home from a meeting sponsored by their employer, Pennsylvania State University. Wilkinson was the owner and operator of the vehicle, and Chiao was a passenger. Wilkinson momentarily stopped paying attention to the road as she put out a cigarette. When she refocused, Wilkinson swerved to avoid a car in front of her and hit the embankment. The car flipped over and Chiao sustained injuries. There is no dispute that Wilkinson and Chiao were in the course and scope of their employment at the time of the accident.
After the accident, Chiao’s employer paid her worker’s compensation benefits under the Pennsylvania Worker’s Compensation Act, 77 Pa. Cons.Stat. § 1 et seq. (the WCA”). Chiao also asserted a claim against Wilkinson, who was insured by the Progressive Insurance Company (“Progressive”). Progressive paid Chiao the entire $15,000.00 face amount of Wilkinson’s policy.[1] Chiao also presented a claim for underinsured motorist benefits to Nationwide, pursuant to her personal auto policy which was in full force and effect as of the date of the accident.
Nationwide denied the claim for benefits, based on the policy’s limitation of compensatory damages to those that are “due by law.” The pertinent language reads:
COVERAGE AGREEMENT We will pay compensatory damages, including derivative claims, which are due by law to you or a relative from the owner or driver of an underinsured motorist vehicle because of bodily injury suffered by you or a relative. Damages must result from an accident arising out of the:
(1) ownership;
(2) maintenance;
(3) use;
of the underinsured motorist vehicle.
Nationwide reasoned that no damages were “due by law” to Chiao because she was injured by a co-employee against whom she would have no claim in tort by virtue of the immunity provisions of the Worker’s Compensation Act.
Nationwide instituted the present action for declaratory relief, seeking judgment that there was no coverage under its policy. Chiao cross-moved for summary judgment. The District Court entered judgment in favor of Chiao, finding that the term “due by law” was “boilerplate” language with no legally cognizable meaning, and that the policies behind Pennsylvania’s Motor Vehicle Financial Responsibility Law and Worker’s Compensation Act favored coverage. This timely appeal followed.
II.
The District Court had subject matter jurisdiction over this diversity action pur *183 suant to 28 U.S.C. § 1332(a)(1), and we have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the grant of a motion for summary judgment. Nationwide Mut. Ins. Co. v. Riley, 352 F.3d 804, 806 n. 3 (3d Cir.2003) (citing Omnipoint Communications Enters., L.P. v. Newtown Township, 219 F.3d 240, 242 (3d Cir.2000)). Summary judgment is appropriate where “there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.” Fed.R.Civ.P. 56(c). “We review the facts in a light most favorable to the party against whom summary judgment was entered.” Coolspring Stone Supply, Inc. v. American States Life Ins. Co., 10 F.3d 144,146 (3d Cir.1993).
III.
Pennsylvania’s Motor Vehicle Financial Responsibility Law (“MVFRL”), 75 Pa. Cons.Stat. § 1731(a), requires that Pennsylvania insurers offer uninsured and underinsured motorist coverage to their policy holders. Section 1731(c) provides:
Underinsured motorist coverage — underinsured motorist coverage shall provide protection for persons who suffer injury arising out of the maintenance or use of a motor vehicle and are legally entitled to recover damages therefor from owners or operators of underinsured motor vehicles.[2]
In accordance with the MVFRL, Nationwide offered Chiao uninsured and underinsured motorist benefits which she elected and for which she paid a premium. The Agreement, recited supra, does not define the term “due by law” and contains eight enumerated exceptions to coverage,[3] but does not include an exception relevant here.
The parties disagree over how this Court should interpret the words “legally entitled to recover” in the MVFRL and “due by law” in the Coverage Agreement, in light of the exclusivity provisions set forth in the WCA. The WCA regulates the rights of employees to recover compensation for injuries sustained during the course and scope of employment. The Act *184 includes an exclusivity provision for employers:
The liability of an employer under this Act shall be exclusive and in place of any and all liability to such employee, his representative, husband or wife, parents, dependents, next of kin or anyone else otherwise entitled to damages in any action at law or otherwise on account of an injury or death.... 77 Pa. Cons.Stat. § 481(a).
The WCA extends this exclusivity to co-employees:
If disability or death is compensable under this act, a person shall not be liable to anyone at common law or otherwise on account of such disability or death for any act or omission occurring while such person was in the same employ as the person disabled or killed, except for intentional wrong. 77 Pa. Cons.Stat. § 72.
Thus, the job of the Court is to harmonize the WCA, under which Wilkinson would be immune from suit by Chiao, with the provisions of Chiao’s first-person insurance against the consequences of the negligence of underinsured drivers like Wilkinson.
The District Court found that the Coverage Agreement’s term “due by law” was vague and mere “boilerplate” without any cognizable meaning, as distinguished from the MVFRL’s term “legally entitled to recover” which has developed a “specific meaning.” Given this ambiguity, the District. Court went beyond the language of the agreement to consider the public policies behind the MVFRL and WCA, and ultimately determined that Chiao could recover underinsured motorist benefits from Nationwide.[4] Because we find that the term “due by law” is not ambiguous, we will reverse.
Under Pennsylvania law, a court’s primary consideration in interpreting an insurance contract is to “ascertain the intent of the parties as manifested by the language of the written instrument.” Standard Venetian Blind Co. v. American Empire Insurance Co., 503 Pa. 300, 305, 469 A.2d 563, 566 (1983) (citing Mohn v. American Casualty Co. of Reading, 458 Pa. 576, 326 A.2d 346 (1974)). If the language of the contract is clear and unambiguous, a court must give effect to the plain language of the agreement. Id. (citing Pennsylvania Manufacturers’ Ass’n Insurance Co. v. Aetna Casualty & Surety Insurance Co., 426 Pa. 453, 233 A.2d 548 (1967)). If, however, the contractual language is ambiguous, the provision should be construed in favor of the insured and against the insurer. Reliance Insurance Company v. Moessner, 121 F.3d 895, 901 (3d Cir.1997).
“Contractual language is ambiguous ‘if it is reasonably susceptible of different constructions and capable of being understood in more than one sense.’ ” Madison Const. Co. v. Harleysville Mut. Ins. Co., 557 Pa. 595, 605, 735 A.2d 100, 106 (1999) (citing Hutchison v. Sunbeam Coal Corp., 513 Pa. 192, 519 A.2d 385 (1986)). In *185 determining questions of ambiguity, the court must examine the “questionable term or language in the context of the entire policy.” Moessner, 121 F.3d at 900. “[A] contract is not rendered ambiguous by the mere fact that the parties do not agree on the proper construction.” Donegal Mutual Ins. Co. v. Raymond, 899 A.2d 357, 361 (Pa.Super.2006). In interpreting the language of the contract, a “court should read policy provisions to avoid ambiguities if possible, and not torture the language to create them.” St. Paul Fire & Marine Ins. Co. v. United States Fire Insurance Co., 655 F.2d 521, 525 (3d Cir. 1981).
Nationwide contends that the District Court erroneously found ambiguity in the term “due by law.” We agree. Chiao argues that “because the language of the policy does not define the term ‘due by law,’ she could not be expected to understand that phrase to limit [underinsured motorist benefits] in the event that the negligent driver is immune under the WCA.” (Appellees’ Brief at 10) Although Chiao is correct that her “reasonable expectations” figure into an analysis of the coverage question, she cannot rely on her own lack of understanding of the term “due by law” to circumvent the basic principle that clear and unambiguous language must be given its effect. See St. Paul Mercury Ins. Co. v. Corbett, 428 Pa.Super. 54, 59, 630 A.2d 28, 29 (Pa.Super.1993) (“However, while reasonable expectations of the insured are the focal points in interpreting the contract language of insurance policies, an insured may not complain that his or her reasonable expectations were frustrated by policy limitations which are clear and unambiguous.”) (citations omitted). Indeed, if this Court were to equate a party’s lack of understanding of a legal term with that term’s being “ambiguous,” many provisions of all insurance contracts and indeed many state and federal statutes would also be ambiguous.
Applying the definition set forth by the Pennsylvania court, the term “due by law” is only ambiguous if it is reasonably susceptible to more than one meaning. Neither Chiao nor the District Court offered any definition of “due by law,” much less more than one reasonable meaning to which it would be reasonably susceptible. We equate the policy’s term “due by law” to the MVFRL’s term “legally entitled to recover,” to which it bears a close semantic relationship. Because it is unambiguous under the WCA that an injured employee is not “legally entitled to recover” any damages from a negligent co-employee, compensatory damages for injuries sustained because of the negligence of a co-employee are not. “due by law,” and therefore are not within the terms of the Coverage Agreement.
Because we find that the language of the policy is unambiguous and because we do not find any issues of public policy implicated by our reading of the Coverage Agreement, the WCA, and the MVFRL, we do not reach the broad issues of public policy addressed by the District Court. See Eichelman v. Nationwide Ins. Co., 551 Pa. 558, 563, 711 A.2d 1006, 1008 (1998) (“Generally a clear and unambiguous contract provision must be given its plain meaning unless to do so would be contrary to a clearly expressed public policy.”) (citation omitted).
IV.
For the foregoing reasons, we will reverse the order of the District Court granting Appellees’ motion for summary judgment, and remand to the District Court for further proceedings.

. For reasons not apparent on this record, Progressive paid Chiao $15,000.00. In light of the immunities in Pennsylvania’s Worker’s Compensation Act, as will be discussed, Progressive was not required to pay Chiao anything under her co-worker Wilkinson’s automobile insurance policy.

. The section then provides that an insured may opt out of receiving underinsured motorist coverage: "The named insured shall be informed that he may reject underinsured motorist coverage by signing the following written rejection form:
REJECTION OF UNDERINSURED MOTORIST PROTECTION By signing this waiver, I am rejecting under-insured motorist coverage under this policy, for myself and all relatives residing in my household. Underinsured coverage protects me and relatives living in my household for losses and damages suffered if injury is caused by the negligence of a driver who does not have enough insurance to pay for all losses and damages. I knowingly and voluntarily reject this coverage.”

. The policy states: "This coverage does not apply to: 1. Use of any motor vehicle by an insured to carry persons or property for a fee. Motor vehicles used in shared-expense car pools are not considered as carrying persons for a fee. 2. Use of any motor vehicle by an insured without the owner’s permission 3. Punitive or exemplary damages. 4. Directly or indirectly benefit any worker’s compensation or disability benefits carrier, or any person or organization qualifying a "self-insurer” under worker’s compensation, disability benefits, or similar law. 5. Bodily injury suffered while occupying or struck by a motor vehicle owned by your or a relative, but not insured for auto liability coverage under this policy. 6. Bodily injury suffered while occupying a motor vehicle owned by you or a relative but not insured for Underinsured Motorist coverage under this policy; nor to bodily injury from being hit by any such motor vehicle. 7. Noneconomic loss of any insured who has elected "Limited Tort” in accordance with the Pennsylvania Motor Vehicle Financial Responsibility Law. 8. Bodily injury of any insured if the insured settles, without our written consent, with a liable party.

. The District Court also found relevant that the policy’s list of exclusions did not include the circumstance where the underinsured motorist is the insured’s co-worker. We disagree with the District Court that this absence of an exclusion is significant. As Nationwide points out, the policy provides coverage in accordance with Pennsylvania law, such that many circumstances not listed in the exclusions will not be covered. For example, an insured seeking compensatory damages for emotional distress inflicted by an underinsured motorist could not recover under Pennsylvania law unless the insured also suffered physical harm. See Swisher v. Pitz, 868 A.2d 1228, 1230 (Pa.Super.2005) (”[0]ur Supreme Court has indicated that in order for a plaintiff to prevail on [an emotional distress claim] ____a plaintiff must suffer some type of resulting physical harm ...”). This limitation does not appear in the policy's exclusions.