

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-28-2009

# David Shaw v. State Farm Ins Co

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3285

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"David Shaw v. State Farm Ins Co" (2009). *2009 Decisions.* Paper 1292.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1292

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-3285
_____

DAVID SHAW,

Appellant.

v.

STATE FARM INSURANCE CO.

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D. C. No. 07-cv-1553)
District Judge:  Honorable Gary L. Lancaster

_____

Submitted Under Third Circuit LAR 34.1(a)
May 20, 2009

Before:  FUENTES, JORDAN, and NYGAARD, *Circuit Judges*.

(Filed:  May 28, 2009)
_____

OPINION OF THE COURT
_____

JORDAN, *Circuit Judge*.

David Shaw appeals the District Court's Order entering summary judgment against

him.  For the following reasons, we will affirm.

## I.    Background

Shaw, a sanitation worker, was injured on the job when he fell off the back of a garbage truck that was being operated by a co-worker.  Shaw filed for, and received, worker's compensation, and he also applied with State Farm Mutual Automobile Insurance Co.,[1] his automobile insurer, for uninsured motorist/underinsured motorist ("UM/UIM") benefits.  Under his policy, Shaw could obtain such benefits only if he was "legally entitled to collect compensatory damages from the owner or driver of [the] uninsured ... or underinsured motor vehicle."  (App. at 23.)  Based on its determinations that Shaw was not "legally entitled" to damages from his co-worker or his employer and that the garbage truck was not "uninsured" or "underinsured," as the terms were defined in the policy, State Farm denied his claim.

Shaw filed suit against State Farm in the Court of Common Pleas of Allegheny County, Pennsylvania, and State Farm removed the case to the United States District Court for the Western District of Pennsylvania.  The parties stipulated to a number of facts, including that the garbage truck carried $5 million in liability insurance and that Shaw's damages resulting from his fall did not exceed $5 million.  Reviewing cross-motions for summary judgment, the District Court concluded that Shaw was not legally entitled to collect from the driver or owner of the garbage truck because the Pennsylvania

---

[1]State Farm Mutual Automobile Insurance Company has been incorrectly referred to as "State Farm Insurance Company" throughout this matter.

2

Workers' Compensation Act ("PWCA") provides the exclusive remedy for injuries occurring in the scope of employment. Accordingly, it granted State Farm's motion and entered summary judgment against Shaw. Shaw's timely appeal followed.

## II.    Discussion

The District Court had jurisdiction over this matter pursuant to 28 U.S.C. § 1332. We take jurisdiction under 28 U.S.C. § 1291. We review a district court's decision to grant summary judgment *de novo* and affirm only if "the moving party [has] demonstrate[d] 'that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Gardner v. State Farm Fire and Cas. Co.*, 544 F.3d 553, 557-58 (3d Cir. 2008) (quoting Fed. R. Civ. P. 56(c)).

Shaw argues that the District Court erred in defining "legally entitled to collect," as the phrase is used in his insurance policy, to preclude him from obtaining UM/UIM benefits from State Farm. Instead of construing the phrase to mean "not prohibited from recovering damages under the operative law," as the District Court did, Shaw argues that we should define it as "able to establish fault and damages." (Opening Br. at 10.) Rather than addressing this unsettled question of state law, we will affirm on the alternative ground that Shaw is ineligible to recover UM/UIM benefits because the garbage truck from which he fell was not uninsured or underinsured.[2]

_____

[2]"An appellate court may affirm a result reached by the District Court on different reasons, as long as the record supports the judgment." *Guthrie v. Lady Jane Colleries,*

3

We must look to both Shaw's insurance policy and the Pennsylvania Motor Vehicle Financial Responsibility Law ("MVFRL") for the definitions of "underinsured" and "uninsured," because, under Pennsylvania law, the terms of an insurance contract must not conflict with the applicable statutory provisions. *Prudential Prop. and Cas. Ins. Co. v. Colbert*, 813 A.2d 747, 751 (Pa. 2002). The MVFRL defines "underinsured motor vehicle" as "[a] motor vehicle for which the limits of available liability insurance and self-insurance are insufficient to pay losses and damages," and "uninsured motor vehicle" as any of the following:

> (1) A motor vehicle for which there is no liability insurance or self-insurance applicable at the time of the accident.
>
> (2) A motor vehicle for which the insurance company denies coverage or the insurance company is or becomes involved in insolvency proceedings in any jurisdiction.
>
> (3) An unidentified motor vehicle that causes an accident resulting in injury provided the accident is reported to the police or proper governmental authority and the claimant notifies his insurer within 30 days, or as soon as practicable thereafter, that the claimant or his legal representative has a legal action arising out of the accident.

75 Pa. Cons. Stat. § 1702. Shaw's insurance policy defines the terms in a manner that is wholly consistent with the MVFRL.

According to the definitions provided by both the MVFRL and the insurance policy, it is clear that the garbage truck Shaw fell from was not uninsured. Indeed, Shaw

---

*Inc.*, 722 F.2d 1141, 1145 n.1 (3d Cir. 1983) (citing *Helvering v. Gowran*, 302 U.S. 238, 245 (1937)).

stipulated that it carried $5 million in liability insurance, and the record does not indicate that a claim was filed with the truck's insurer, let alone that the insurer denied coverage. Nor was the truck underinsured. By Shaw's own admission, his damages resulting from the accident did not exceed $5 million.

## III.    Conclusion

Because Shaw was not injured while riding on an uninsured or underinsured motor vehicle, as those terms are defined by the insurance policy and Pennsylvania law, we will affirm the District Court's Order entering summary judgment against him.