## Petrochko v. Nationwide Mutual Insurance Company

C.P. of Lackawanna County, no. 07 CV 7113.

*P. Timothy Kelly,* for plaintiff.
*Zygmunt R. Bialkowski Jr.,* for defendant.

NEALON, *J.,* August 27, 2010—The parties' motions for summary judgment present an issue which has not been addressed by a state appellate court: whether an employee, who receives workers' compensation benefits for injuries sustained in an automobile accident that is negligently caused by a co-worker, may also recover underinsurance motorist (UIM) benefits for the employee's non-economic damages. Pennsylvania law and the insurance policy at issue limit UIM coverage to insureds who "are legally entitled to recover damages" from the underinsured tort-feasor. Since the negligent motorist in this case is immune from negligence liability to the insured employee due to the exclusive remedy provision of the Workers' Compensation Act, the employee is not entitled to recover compensatory damages from the underinsured tort-feasor. As such, the employee is ineligible to collect UIM benefits under 75 Pa.C.S. §1731(c) and the applicable policy.

## I. FACTUAL BACKGROUND

Plaintiff Cheryl Petrochko and defendant Nationwide Mutual Insurance Company have filed motions for summary judgment with regard to Petrochko's claim for underinsured motorist (UIM) benefits from Nationwide. The parties' joint submissions reflect that the salient facts are not in dispute. On December 11, 2003, Petrochko was injured during the course of her employment with Cinram Manufacturing Inc. when she was struck by a motor vehicle that way being operated by a co-worker, Albert L. Calzola Jr., within the scope of his employment. As a result of her work-related injury, Petrochko applied for, and received, workers' compensation benefits from

PMA Insurance Group comprised of medical expense benefits totaling $42,582.60 and indemnity payments in the amount of $142,482.83, including a lump sum payment of $48,000.

At the time of her injury, Petrochko was insured by Nationwide pursuant to a policy (no. 5837C012499) which afforded UIM coverage in the amount of $50,000. Nationwide's policy defines an "underinsured motor vehicle" as a vehicle whose bodily injury liability coverage "is insufficient to pay the damages an insured is entitled to recover." (Nationwide endorsement 2360 at p. 1.) The UIM coverage agreement obligates Nationwide to "pay compensatory damages . . . which are due by law to [Petrochko] . . . from the owner or driver of an underinsured motor vehicle because of bodily injury suffered by [Petrochko]." (*Id.*) In accordance with Pennsylvania law, the UIM provisions entitle Nationwide to an offset or reduction for any amount that has been paid to the UIM claimant (Petrochko) by the tort-feasor's liability insurance carrier. (*Id.* at p. 3.)

By virtue of the exclusive remedy provision of section 205 of the Workers' Compensation Act (WCA), 77 P.S. §72, Calzola is immune from tort liability to Petrochko for any vehicular negligence. As a consequence, Petrochko has not recovered any compensatory damages from Calzola or his liability insurer. Nor has Petrochko ever asserted a liability claim against Calzola or his insurer within the two-year statute of limitations period governing negligence claims.

On December 11, 2007, Petrochko filed a complaint against Nationwide seeking a declaratory judgment that

she is entitled to UIM benefits from Nationwide. On April 9, 2009, Petrochko entered into a compromise and release agreement with Cinram and PMA pursuant to which PMA agreed to pay Petrochko's medical expenses for her work-related injuries until her Centers for Medicare & Medicaid Services (CMS) approved Medicare Set-Aside is exhausted. (Defendant's statement of facts in support of motion for summary judgment, ¶¶7, 10-12; plaintiff's answer to defendant's statement of facts ¶¶7, 10-12.) Both parties subsequently filed motions for summary judgment requesting declaratory judgment relief with respect to Petrochko's demand for UIM benefits from Nationwide.

Nationwide contends that Petrochko is not entitled to UIM coverage under the Motor Vehicle Financial Responsibility Law (MVFRL), 75 Pa.C.S. §1701 et seq., and Nationwide's insurance policy. Section 1731(c) of the MVFRL obligates insurers to provide UIM coverage "for persons who suffer injury arising out of the maintenance or use of a motor vehicle and are legally entitled to recover damages therefor from owners or operators of underinsured motor vehicles." 75 Pa.C.S. §1731(c). Nationwide's UIM policy language similarly requires Nationwide to pay "compensatory damages . . . which are due by law to [Petrochko] . . . from the owner or driver of an underinsured motor vehicle because of bodily injury suffered by [Petrochko]." Nationwide submits that since Petrochko is not legally entitled to recover damages from Calzola, nor are any compensatory damages "due by law" to Petrochko from Calzola, Petrochko is not entitled to UIM coverage for her work-related injuries. (Defendant's brief, pp. 6-7.)

Relying upon *Brumbaugh v. Erie Insurance Exchange,* no. 2006-2211 (Franklin Cty. Nov. 30, 2006) which adopted the reasoning set forth in *Barfield v. Barfield,* 742 P.2d 1107 (Okla. 1987), Petrochko argues that the phrase "legally entitled to recover" in 75 Pa.C.S. §1731(c) should be interpreted to mean "able to establish fault on the part of [Calzola], which gives rise to damages, and prove the extent of those damages." (Plaintiff's brief, p. 5, quoting *Barfield, supra.*) Petrochko asserts that her legal ability to recover compensatory damages from Calzola does not determine her entitlement to UIM coverage under section 1731(c) of the MVFRL and Nationwide's policy. (*Id.* at pp. 4-6.) Since Petrochko has received payment only for her economic losses via workers' compensation benefits, she maintains that she should be permitted to recover non-economic damages under the UIM provisions of Nationwide's policy. (*Id.* at p. 8.) Following the completion of oral argument on July 20, 2010, the parties' motions for summary judgment became ripe for disposition.

## II. DISCUSSION

### (A) *Standard of Review*

Summary judgment may be granted only in those cases in which the record clearly establishes that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. *Mull v. Ickes,* 994 A.2d 1137, 1139 (Pa. Super. 2010). The Declaratory Judgments Act enables parties to an insurance policy to secure a declaration of their respective rights and duties under the policy. *Bottomer v. Progres-*

*sive Casualty Insurance Co.,* 816 A.2d 1172, 1175 (Pa. Super. 2003), *appeal dismissed,* 580 Pa. 114 , 859 A.2d 1282 (2004); *HARIE v. Lycoming County Housing Authority,* 58 D.&C.4th 321, 337 (Lacka. Cty. 2001), *aff'd,* 809 A.2d 1096 (Pa. Commw. 2002). Since the proper interpretation of an insurance policy presents a question of law for the court, see *Utica Mutual Insurance Co. v. Contrisciane,* 504 Pa. 328, 333 n.2, 473 A.2d 1005, 1008 n.2 (1984), questions concerning an insured's right to insurance benefits may be decided by summary judgment in a declaratory judgment proceeding. See *Dixon v. GEICO,* 2010 WL 2950318 at * 2, ¶18 (Pa. Super. 2010); *Reeser v. Donegal Mutual Insurance Company,* 2008 WL 4453474 (Lacka. Cty. 2008).

(B) *Impact of Co-Employee's Tort Immunity on Availability of UIM Benefits*

The parties' motions for summary judgment involve interpretation of pertinent provisions of the MVFRL, the WCA and Nationwide's policy. The Statutory Construction Act requires a court to ascertain and effectuate the intent of the General Assembly when interpreting a statute, and if the words of a statute are clear and unambiguous, the letter of the statute may not be disregarded under the pretext of pursuing its spirit. See 1 Pa.C.S. §1921(a)-(b); *Tannenbaum v. Nationwide Insurance Company,* 992 A.2d 859, 866 (Pa. 2010). Similarly, where the language employed in an insurance policy is clear and unambiguous, a court is required to give effect to that language. *Genaeya Corp. v. Harco National Insurance Co.,* 991 A.2d 342, 346 (Pa. Super. 2010).

Contractual language is considered ambiguous only "if it is reasonably susceptible of different constructions and capable of being understood in more than one sense," and courts should not "distort the meaning of the language or resort to a strained contrivance in order to find an ambiguity." *Nordi v. Keystone Health Plan West Inc.,* 989 A.2d 376. 380 (Pa. Super. 2010) (quoting *Madison Construction Company v. Harleysville Mutual Insurance Company,* 557 Pa. 595, 606, 735 A.2d 100, 106 (1999)). Insurance policy language is not deemed ambiguous merely because the parties do not agree on its proper interpretation. *Donegal Mutual Insurance Company v. Raymond,* 899 A.2d 357, 361 (Pa. Super. 2006); *HARIE,* 58 D.&C. 4th at 343.

The MVFRL defines an underinsured motor vehicle as any "vehicle for which the limits of available liability insurance and self-insurance are insufficient to pay losses and damages." 75 Pa.C.S. §1702. Nationwide's policy likewise defines an underinsured motor vehicle as a vehicle whose "total amount [of liability coverage] is insufficient to pay the damages an insured is entitled to recover." (Nationwide endorsement 2360 at p. 1.) Section 1731(c) of the MVFRL addresses UIM coverage in Pennsylvania and states that "[u]nderinsured motorist coverage shall provide protection for persons who suffer injury arising out of the maintenance or use of a motor vehicle and *are legally entitled to recover damages therefor from owners or operators of underinsured motor vehicles."* 75 Pa.C.S. §1731(c). (emphasis added) A comparable UIM coverage provision is contained in Nationwide's policy which requires Nationwide to "pay compensatory damages, including derivative claims,

*which are due by law to you . . . from the owner or driver of an underinsured motor vehicle* because of bodily injury suffered by you." (Nationwide endorsement 2360, *supra.*) (emphasis added)

Thus, the relevant statutory and contractual language provides that as a condition precedent to a claimant's ability to recover UIM benefits, [s]he must be "legally entitled to recover damages" which "are due by law" from the operator or owner of the underinsured motor vehicle. In that regard, Calzola's liability for damages to Petrochko is governed by section 205 of the WCA which reads:

*"Liability of fellow employe[e]*

"If disability or death is compensable under this act, a person shall not be liable to anyone at common law or otherwise on account of such disability or death for any act or omission occurring while such person was in the same employ as the person disabled or killed, except for intentional wrong." 77 P.S. §72.

Pursuant to the exclusive remedy provision set forth in 77 P.S. §72, a co-employee is immune from negligence liability to a fellow employee for any injuries sustained in a work-related automobile accident. See *Ducjai v. Dennis,* 540 Pa. 103, 113, 656 A.2d 102, 107 (1995) ("we hold that an employee may not recover both workers' compensation benefits from her employer as well as damages at common law from her co employee under the MVFRL, when injured in an automobile accident during the course and scope of her employment."); *Employers Mutual Casualty Company v. Boiler Erection and Repair Company,* 964 A.2d 381, 389 (Pa. Super.

2008) (where an employee's injuries suffered in an automobile accident are compensable under the WCA, 77 P.S. §72 immunizes fellow employees from tort liability for their vehicular negligence), *appeal denied,* 603 Pa. 695, 983 A.2d 729 (2009).

Nationwide posits that Petrochko cannot collect UIM benefits from Nationwide since she is not "legally entitled to recover damages" from Calzola such that compensatory damages are not "due by law" to her. Petrochko counters that the statutory and contractual conditions to UIM coverage should be interpreted more narrowly to require mere proof of operator negligence and resulting damages without the necessity of establishing legal liability on the part of the negligent motorist. Both parties acknowledge that the specific issue presented by their summary judgment motions has not yet been decided by a state appellate court in this Commonwealth.

Employees who have been injured in work-related automobile accidents have been permitted to recover uninsured motorist (UM) and UIM benefits from their own insurer, see *Safe Auto Insurance Company v. School District of Philadelphia,* 872 A.2d 247, 252-53 (Pa. Commw. 2005), their employer's insurer see *Warner v. Continental/CNA Insurance Companies,* 455 Pa. Super. 295, 310-11, 688 A.2d 177, 185 (1996), *appeal denied,* 548 Pa. 660, 698 A.2d 68 (1997), and their co-employee's insurance policy. See *Gardner v. Erie Insurance Company,* 555 Pa. 59, 72, 722 A.2d 1041, 1047 (1999). However, in each of those instances, the negligent motorist was someone other than a fellow employee or the employer, as a result of which the UM/UIM claimant

was in fact "legally entitled to recover damages" from the culpable tort-feasor. See *e.g., Gardner,* 55 Pa. at 61, 722 A.2d at 1041 ("This appeal presents the issue of whether an employees receipt of workers' compensation benefits relating to injuries sustained while driving a co-employee's automobile *and arising out of wrongful third-party conduct* bars him from recovering uninsured motorist benefits from the co-employee's insurance carrier.") (emphasis added); *Safe Auto Insurance Co.,* 872 A.2d at 248 (bus driver involved in accident with uninsured tort-feasor); *Warner,* 455 Pa. Super. at 298, 688 A.2d at 178 ("[Claimant] instituted suit against the driver of the other vehicle involved in the accident and settled the action prior to trial for . . . a sum which represented the tort-feasor's policy limits. . . ."). Instantly, the accident and injuries were caused by Petrochko's co-worker who, unlike the tort-feasors in *Gardner; Safe Auto* and *Warner,* enjoys immunity from negligence liability under 77 P.S. §72.

The significance of that distinction was recognized by the Supreme Court of Pennsylvania in *Gardner.* In holding that an employee could recover UM/UIM benefits under a fellow employee's policy notwithstanding the co-employee immunity afforded by the WCA, the *Gardner* court concluded:

"The requirement for the provision of optional uninsured motorist coverage is contained in section 1731 of the MVFRL, which explains that such coverage is available for persons who are 'legally entitled to recover' for injuries arising out of the maintenance or use of a motor vehicle. . . . Such contractual recovery, *where premised upon wrongful third party conduct,* is not against the

co-employee, nor does it proceed on the basis of any actual or potential legal liability on the part of the co-employee. Therefore, the co-employee immunity of section 205, by its terms, is not implicated." *Gardner,* 555 Pa. at 70-71, 722 A.2d at 1046-47. (emphasis added) (footnotes omitted)

More importantly, the Supreme Court in *Gardner* expressly clarified that it was not addressing the issue which has been raised by the parties in the case sub judice, and remarked:

"The question whether the recovery of underinsured motorist benefits should he permitted where the claim arises out of the negligence of the co-employee is not presently before us. We note, however, that many jurisdictions have found that the tort immunity of a co-employee means that the injured employee is not 'legally entitled to recover' from the co-employee and therefore, as a contractual matter, may not recover pursuant to an underinsured motorist benefits policy. See generally, [*Ludington,*] 'Automobile Uninsured Motorist Coverage: "Legally Entitled to Recover" Clause as Barring Claim Compensable Under Workers' Compensation Statute,' 82 A.L.R. 4th 1096, §5 (1996). But see *Barfield v. Barfield,* 742 P. 2d 1107, 1112 (Okla. 1987) (concluding that it would be manifestly unjust to permit an insurer to avoid contractual and statutorily defined duties by asserting third-party tort immunity as a defense to payment of uninsured motorist benefits)." *Id.,* at 71 n.12, 722 A.2d at 1046 n.12.

In support of her proffered interpretation of the phrase "legally entitled to recover" in section 1731(c) of the MVFRL, Petrochko advocates the rationale contained in

the unpublished trial court ruling in *Brumbaugh, surpa,* which adopted the construction formulated by the Oklahoma Supreme Court in *Barfield. Brumbaugh, supra,* at p. 8 ("The court will interpret 'legally entitled' as interpreted by the Oklahoma Supreme Court in *Barfield,* thus permitting recovery because [the co-worker] is indisputably at fault for this vehicular accident."). The *Barfield* court determined that "[t]he words 'legally entitled to recover' simply mean that the insured must be able to establish *fault* on the part of the uninsured motorist which gives rise to damages and prove the extent of those damages." *Barfield,* 742 P. 2d at 1112. (emphasis in original) Stated otherwise, the Oklahoma Supreme Court found that "[t]he term 'legally entitled to recover' does not mean that an insured must be able to proceed against an uninsured/underinsured in *tort* in order to collect uninsured motorist benefits." *Id.* (emphasis in original) However, only one other jurisdiction has adopted the *Barfield* court's interpretation of the phrase "legally entitled to recover" in conjunction with claims for UM/UIM benefits.[1]

---

1. Of the 22 other slates that have decided this specific issue, 21 jurisdictions have concluded th the injured employee is ineligible to recover UM/UIM benefits since the employee is not "legally entitled to recover" compensatory damages due to the fellow employee's tort immunity. See *Littlejohn v. State Farm Mutual Auto Insurance Company,* 2010 WL 2029058 at * 3 (Del. Super. 2010); *Otterberg v. Farm Bureau Mut Ins. Co.,* 696 N.W.2d 24, 30-31 (Iowa 2005); *Snyder v. Am. Family Ins. Co.,* 2005 WL. 3484221 at * 4 (Ohio App. 2005), *aff'd,* 114 Ohio St.3d 239, 871 N.E.2d 574 (Ohio 2007); *Ex Parte Carlton,* 867 So.2d 332, 338 (Ala. 2003); *Wachtler v. State Farm Mut. Aut. Ins. Co.,* 835 So.2d 23, 28 (Miss. 2003); *Matarese v. New Hampshire Mun. Ass'n. Prop. Liab. Ins. Trust Inc.,* 147 N.H. 396, 403-405, 791 A.2d 175, 180-182 (2002); *Peterson v. Utah Farm Bureau Ins. Co.,* 927 P.2d 192, 196-97 (Utah App. 1996); *Wisman v. William J.*

The only reported decision addressing the parties' narrow issue under Pennsylvania law can be found in *Nationwide Insurance Company v. Chiao*, 374 F. Supp.2d 432 (M.D. Pa. 2005), *rev'd and remanded*, 186 Fed. Appx. 181 (3d Cir. 2006).[2] The plaintiff in *Chiao* was

*Rhodes & Shamblin Stone Inc.*, 191 W.Va. 542, 545-46, 447 S.E.2d 5, 8-9 (1994); *State Farm Mut. Auto Ins. Co. v. Royston*, 72 Haw. 338, 339-40, 817 P.2d 118, 119 (1991); *Chance v. Farm Bureau Mut. Ins. Co. Inc.*, 756 F. Supp. 1440, 1446 (D. Kan. 1991) (applying Kansas law); *Kough v. New Jersey Auto. Full Ins. Underwriting Ass'n*, 237 N.J. Super. 460, 469, 568 A.2d 127, 132 (N.J. Super. 1990), *cert. denied*, 121 N.J. 638, 583 A.2d 331 (1990); *Cormier v. National Farmers Union Property & Cas. Co.*, 445 N.W.2d 644, 647 (N.D. 1989); *Williams Thomas*, 187 Ga. App. 527, 528, 370 S.E.2d 773, 775 (1988); *Aetna Cas. & Surety Co. v. Dodson*, 235 Va. 346 351, 367 S.E.2d 505, 508 (1988); *Allstate Ins. Co. v. Boynton*, 486 So.2d 552, 553-54 (Fla. 1986); *Hubbel v. Western Fire Ins. Co.*, 218 Mont. 21, 23-24, 706 P.2d 111, 112 (1985); *Peterson v. Kludt*, 317 N.W.2d 43, 49 (Minn. 1982); *Carlisle v. State Through Dept. of Transp.*, 400 So.2d 284, 287 (La. App. 1981), *writ denied*, 404 So.2d 1256 (La. 1981); *O'Dell v. State Farm Mut. Auto Ins. Co.*, 173 Ind. App. 106, 107-108, 111-12, 362 N.E.2d 862, 864, 866 (Ind. App. 1977); *Williams v. Country Mut. Ins. Co.*, 28 I11. App.3d 274, 276-77, 328 N.E.2d 117, 119 (Ill. App. 1975); *Hopkins v. Auto-Owners Ins. Co.*, 41 Mich. App. 635, 638, 200 N.W.2d 784, 786 (Mich. App. 1972). Only Arkansas has reached a contrary conclusion and allowed UM/UIM coverage. See *Southern Farm Bureau Cas. Ins. Co. v. Pettie*, 54 Ark. App. 79, 88, 924 S.W.2d 828, 832 (1996).

2. The court in *Holland v. GEICO General Insurrance Co.*, 2001 WL 1818099 (ED. Pa. 2001), *aff'd*, 62 Fed. Appx. 415 (3d Cir. 2002) considered the recovery of UIM benefits by an employee who was injured in an automobile accident caused by a fellow employee prior to the repeal of sections 1735 and 1737 of the MVFRL. Section 1735 formerly provided that UM/UIM coverages "shall not be made subject to an exclusion or reduction in amount because of any workers' compensation benefits payable as a result of the same injury," whereas former section 1737 stated that "no employee who is otherwise eligible shall be precluded from recovery of uninsured or underinsured motorist benefits from an employer's motor vehicle policy. . . ." *Hol-*

injured in a work-related accident while she was a passenger in a vehicle operated by a fellow employee. After the co-worker's liability insurer inexplicably tendered its policy limits of $15,000, despite its insured's tort immunity under 77 P.S. §72, the plaintiff demanded UIM benefits from her own insurer. *Chiao,* 374 F. Supp.2d at 435. Nationwide and Chiao filed motions for summary judgment on the issue of "whether an automobile insurer must provide coverage to an insured who has purchased supplemental UIM insurance when the insured was injured solely by a co-employee's negligence." *Id.* Finding that the language "due by law" was "boilerplate" insurance terminology with no legally cognizable meaning, the trial court declared that phrase to be ambiguous, analyzed the public policies underlying the MVFRL and the WCA, and predicted "that the Pennsylvania Supreme Court would determine that the policy behind underinsured motorist insurance, namely that UIM insurance is purchased to protect 'individuals injured by a tort-feasor with inadequate insurance coverage,' requires insurers to compensate their customers when injured by an underinsured co-employee." *Id.* at 446.

On appeal, the United States Court of Appeals for the Third Circuit noted that "[t]he parties disagree over how this court should interpret the words legally entitled to recover' in the MVFRL and 'due by law' in the coverage agreement, in light of the exclusivity provisions set forth

---

*land, supra,* at *5 n.1 and 2. The *Holland* court did not address that same issue under the current version of the MVFRL which is applicable to Petrochko's claim. *Id.* at *11 ("This court has not been called upon to decide how the Supreme Court would rule in a similar scenario post-repeal of [sections] 1735 and 1737.").

in the WCA." *Chiao,* 186 Fed. Appx. at 183. Concluding "that the term 'due by law' is not ambiguous" as a matter of law, *id.* at 184, the Third Circuit reversed the trial court ruling and held:

"We equate the policy's term 'due by law' to the MVFRL's term 'legally entitled to recover' to which it bears a close semantic relationship. Because it is unambiguous under the WCA that an injured employee is not 'legally entitled to recover' any damages from a negligent co-employee, compensatory damages for injuries sustained because of the negligence of a co-employee are not 'due by law,' and therefore are not within the terms of the coverage agreement." *Id.* at 185. Accord, *Shaw v. State Farm Insurance Company,* 331 Fed. Appx. 946 (3d Cir. 2009) (since plaintiff was not "legally entitled to collect" bodily injury damages from his co-worker, plaintiff's insurer was not obligated to pay UM/UIM benefits under its policy).

A well-recognized treatise on Pennsylvania automobile insurance law has also reasoned that a claimant who is injured due to the negligence of a fellow employee is ineligible to collect UIM benefits due to the co-employee's tort immunity. In Ronca & Sloane, *Pennsylvania Motor Vehicle Insurance: An Analysis of the Financial Responsibility Law* (2d ed. 2009), the authors distinctly address the availability of UIM benefits vis-à-vis the exclusive remedy provisions of the Workers' Compensation Act, and state:

"The Pennsylvania Superior Court has determined that an injured employee is not precluded from recovering underinsured motorist benefits otherwise available under the terms of the policy solely as a result of the exclusiv-

ity provisions of the Workers' Compensation Act. However, if the employee was injured by a co-worker, the workers' compensation immunity provision will prevent the injured employee from collecting UIM benefits. In other words, due to the co-employee immunity provision, no damages are 'due by law' or stated another way, the injured co-employee is not 'legally entitled to recover.' " *Id.* at section 5.6, pp. 107-108.

We agree with the appellate reasoning in *Chiao* that the statutory phrase "legally entitled to recover" and the contractual condition "due by law" are congruous and unambiguous in the context of UM/UIM claims.[3] The plain language of the MVFRL and Nationwide's policy restricts UIM coverage to those claimants who "are legally entitled to recover damages" from the tort-feasor under the applicable law. Inasmuch as Petrochko is clearly not entitled to recover damages from Calzola under the governing law, she is ineligible to collect UIM benefits under 75 Pa.C.S. §1731(c) and Nationwide's policy.[4] See Ronca & Sloane, *supra.*

---

3. Although unpublished opinions of the Court of Appeals lack precedential authority under Third Circuit Internal Operating Procedure 5.7, we may nonetheless consider as persuasive their compelling reasoning in factually analogous situations. See *City of Newark, N.J. v. U. S. Dept. of Labor,* 2 F.3d 31, 33 n.3 (3d Cir. 1993); *Photomedix Inc. v. St. Paul Fire & Marine Ins. Co.,* 2008 WL 324025 at * 20 n.38 (E.D. Pa. 2008).

4. An employee is not immune from civil liability to a co-worker for an "intentional wrong." See 77 P.S. §§72 See also, *Martin v. Lancaster Battery Co. Inc.,* 530 Pa. 11, 15 n.5, 606 A.2d 444, 447 n.5 (1992) ("The Workmen's Compensation Act does not preclude an action at common law for intentional wrongs committed by fellow employees."). Petrochko has not alleged, nor does the summary judgment record remotely suggest, that Calzola intentionally injured Petrochko.

If the legislature had intended to provide UIM coverage to a claimant who has been negligently injured by a co-worker, it would have drafted section 1731(c) of the MVFRL to require UIM coverage for accident victims who "establish fault on the part of the underinsured motorist" and "prove the extent of [their] damages." However, neither the General Assembly nor Nationwide chose to use such language and instead opted to limit UIM coverage to claimants who are "legally entitled to recover" damages from the tort-feasor. As we have previously noted, it is not the prerogative of a court to insert language into the MVFRL which the legislature has not included, see *Olsofsky v. Progressive Insurance Co.,* 52 D.&C. 4th 449, 477 (Lacka. Cty. 2001), and it is equally inappropriate for a declaratory judgment court to rewrite an insurance policy to include terms that the parties did not insert in their contract. See *HARIE,* 58 D.&C.4th at 347. Rather, our charge is to interpret the statute and insurance policy as plainly written. *DeFazio v. Board of Directors of North Pocono School District,* 62 D.&C.4th 140, 152 (Lacka. Cty. 2003), *aff'd,* 834 A.2d 714 (Pa. Commw. 2003); *HARIE,* 58 D.&C.4th at 347-48. See also, *Heller v. Pennsylvania League of Cities & Municipalities,* 950 A.2d 362, 371 (Pa. Commw. 2008) ("a court should not act as a super-legislature in redrafting contract documents on the sole basis of outcomes that may be desired for the general good. . . ."), *appeal granted,* 601 Pa. 570, 975 A.2d 1080 (2009).

In sum, the unambiguous and synonymous language of the MVFRL and Nationwide's policy clearly limit UIM benefits to those insureds who are legally entitled to recover damages from the negligent motorist under the governing law. Since Calzola is immune from liabil-

ity to Petrochko under 77 P.S. §72, Petrochko is not legally entitled to recover damages from Calzola under Pennsylvania law. Accordingly, she is not eligible to recover UIM benefits from Nationwide for the injuries that she sustained on December 11, 2003, and Nationwide's motion for summary judgment will therefore be granted.

## ORDER

And now, August 27, 2010, upon consideration of defendant's motion for summary judgment, plaintiff's cross-motion for summary judgment, the memoranda of law submitted by the parties and the oral argument of counsel, and based upon the reasoning set forth in the foregoing memorandum, it is hereby ordered and decreed that:

(1) Defendant's motion for summary judgment is granted;

(2) Plaintiff's cross-motion for summary judgment is denied;

(3) Plaintiff Cheryl Petrochko is ineligible to collect underinsured motorist benefits from defendant Nationwide Mutual Insurance Company pursuant to policy no. 5837C012499 for injuries sustained by the plaintiff in a motor vehicle accident on December 11, 2003 involving the plaintiff's fellow employee, Albert L. Calzola Jr., during the course of their employment with Cinram Manufacturing Inc.; and

(4) The clerk of Judicial Records is directed to enter judgment in this matter pursuant to 42 Pa.C.S. §§7532 and 7538 consistent with this memorandum and order.