NOT DESIGNATED FOR PUBLICATION

No. 113,158

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

ROBIN FORSBERG, *et al.*,
*Appellants*,

v.

N.R. HAMM CONTRACTOR, LLC, *et al.*,
(Larry J. Kopp and
Zurich America Insurance Company),
*Appellees*.


MEMORANDUM OPINION


Appeal from Jefferson District Court; WILLIAM B. ELLIOTT, judge. Opinion filed April 29, 2016. Affirmed.


*Donna L. Huffman*, of The Law Office of Donna L. Huffman, of Oskaloosa, for appellants.


*Larry D. Fields* and *Kevin D. Brooks*, of Kutak Rock LLP, of Kansas City, Missouri, for appellee Zurich America Insurance Company.


Before MALONE, C.J., MCANANY and POWELL, JJ.


POWELL, J.:  After Luke Forsberg was fatally injured by his coworker, Larry J. Kopp, in a workplace accident, Luke's family (the Forsbergs) brought suit against Kopp, Luke's employer N.R. Hamm Contractor, LLC, and Hamm's insurer Zurich America Insurance Company (Zurich) alleging numerous theories of recovery. The district court granted Zurich's motion to dismiss and later granted Kopp's and Hamm's motions for summary judgment. The Forsbergs now appeal but dropped their claims against Kopp

1

and Hamm during the pendency of their appeal, leaving Zurich as the only remaining defendant. For reasons more fully explained below, we affirm the district court.

FACTUAL AND PROCEDURAL BACKGROUND

Luke was fatally injured in a workplace accident on March 25, 2011. As Luke was crossing his employer's parking lot, he was struck by a vehicle operated by Kopp. Luke's employer was N.R. Hamm Contractor, LLC, one of various associated holding companies. The Forsbergs sued Kopp; N.R. Hamm Contractor, LLC; N.R. Hamm Contractor, Inc.; N.R. Hamm Quarry, LLC; N.R. Hamm Quarry, Inc.; and Hamm, Inc. (collectively Hamm) on various theories of liability.

The Forsbergs also directly sued Zurich, the alleged automobile liability insurance carrier of one or more of the Hamm entities. Their claims against Zurich were set forth in three counts: (1) Zurich committed fraud and/or misrepresentation when it sent a letter to the Forsbergs containing a false statement that Luke worked for N.R. Hamm Quarry, LLC, instead of N.R. Hamm Contractor, LLC; (2) Zurich committed a breach of fiduciary duty by failing to timely evaluate the Forsbergs' claim; and (3) Zurich acted in bad faith when it initially refused to settle the Forsbergs' claim.

Zurich filed a motion to dismiss on the basis that each count failed to state a cause of action. The district court agreed and dismissed Zurich from the case on the rationales that (1) Kansas law does not permit a direct action against an alleged tortfeasor's insurer, (2) the Forsbergs' misrepresentation claim failed to state a cause of action, and (3) the Forsbergs could not maintain a claim for bad faith. After Zurich was dismissed, Kopp and Hamm sought and obtained summary judgment on all of the Forsbergs' remaining claims. In dismissing the remainder of the Forsbergs' claims, the district court held that the

2

claims against Kopp and Hamm were precluded by the exclusive remedy established by Kansas' workers compensation act. See K.S.A. 44-501 *et seq.*

The Forsbergs initiated this appeal against Zurich, Kopp, and Hamm. Following the submission of the Forsbergs' appellate brief, Kopp and Hamm sought and obtained dismissal from this appeal because the Forsbergs' brief did not address whether the district court erred in dismissing Kopp and Hamm from the suit. Thus, the only appellee remaining is Zurich.

The Forsbergs present two basic contentions on appeal: (1) The general rule that workers compensation benefits is the exclusive remedy for workplace accidents did not apply under the facts of this case, and (2) the district court erred in dismissing Zurich from the case notwithstanding Kansas' general prohibition against bringing suits directly against insurers at the time of the incident.

Interpretation of a statute is a question of law over which appellate courts have unlimited review. *Neighbor v. Westar Energy, Inc.*, 301 Kan. 916, 918, 349 P.3d 469 (2015). Additionally, where there is no factual dispute, appellate review of an order regarding summary judgment is de novo. *Martin v. Naik*, 297 Kan. 241, 246, 300 P.3d 625 (2013).

ARE WORKERS COMPENSATION BENEFITS THE EXCLUSIVE REMEDY?

The Forsbergs argue that workers compensation benefits are not the exclusive remedy under the facts of this case. As a general proposition, they are correct with respect to claims that may be available under the Kansas Automobile Injury Reparations Act, K.S.A. 40-3101 *et seq.* See *Stemple v. Maryland Casualty Co.*, 282 Kan. 405, 412-14, 144 P.3d 1273 (2006) (underinsured motorist benefits available in addition to workers compensation benefits in some cases); K.S.A. 40-3110 (personal injury protection

3

benefits primary except that workers compensation benefits shall be credited against such benefits). Because Luke was killed in a vehicle accident occurring at work, he has potential claims outside of workers compensation benefits. However, as is more fully explained below, this does not necessarily help the Forsbergs' cause.

## DID THE DISTRICT COURT ERR IN DISMISSING ZURICH?

Next, the Forsbergs contend the district court erred in granting Zurich's motion to dismiss. Because the Forsbergs abandoned all of their arguments as to Kopp's and Hamm's liability, we are only left with the Forsbergs' arguments regarding any independent torts they allege Zurich committed against them.

When the district court granted Zurich's motion to dismiss, it simultaneously ruled that (1) Kansas law does not allow an injured third-party to make a claim directly against the insurer of an alleged negligent motorist, (2) Zurich's purported misrepresentation regarding Luke's employer was not made to induce the Forsbergs to act, (3) Zurich did not have a fiduciary duty to the Forsbergs, and (4) the Forsbergs could not maintain a tort action against Zurich based on Zurich's purported bad faith for failing to settle the Forsbergs' claims against Kopp and Hamm.

Abandoning their contentions that Zurich breached its fiduciary duty and made damaging misrepresentations, the Forsbergs argue before us only that the district court erred in dismissing their claim for bad faith against Zurich. The Forsbergs allege that Zurich acted in bad faith when it refused to settle for the obligation stemming from the actions of Hamm and Kopp. However, in Kansas, such a suit cannot be brought before the liability of the insured is established. *Nungesser v. Bryant*, 283 Kan. 550, 560-61, 153 P.3d 1277 (2007). Kopp's and Hamm's liability had not been established when the Forsbergs brought suit against Zurich. Other than generally asserting that Zurich is somehow liable, the Forsbergs have no answer to this apparent bright-line rule.

4

After reviewing the Forsbergs' brief and hearing the Forsbergs' counsel's oral arguments, although muddled, it appears that the Forsbergs' argument to us is that the basis of Zurich's duty to Luke arose out of Luke being an insured under the automobile policy owned by Hamm. Luke had been assigned one of Hamm's vehicles to drive; therefore, according to the Forsbergs, Zurich somehow owed the Forsbergs uninsured and underinsured motorist (UM and UIM) benefits, personal injury protection (PIP) benefits, and, with such benefits, a duty to engage in good faith and fair dealing.

We reject these claims for several reasons. First, these claims have no merit principally because the Forsbergs did not plead claims for UM, UIM, and PIP benefits.

Second, even assuming a claim was made for failure to pay UM and UIM benefits under such a theory, the Forsbergs' claim still would have no merit as the Forsbergs cannot make a claim for UM and UIM benefits because the driver of the vehicle, Kopp, could not as a matter of law be liable in tort. See *Chance v. Farm Bureau Mut. Ins. Co.*, 756 F. Supp. 1440, 1443 (D. Kan. 1991).

Third, again assuming the Forsbergs had pled a claim for PIP benefits, Zurich was not under a duty to pay them. Under Kansas law, each auto policy must provide PIP benefits to (1) the named insured, (2) relatives residing in the household, (3) persons operating the insured auto, (4) passengers, and (5) persons struck by the auto. K.S.A. 40-3107. Luke, who was not in a vehicle at the time he was struck and killed, potentially should fall under the last provision as a person struck by a vehicle with the required auto insurance coverage. This means he could only access PIP benefits from Zurich because Zurich was the insurance company of the vehicle that struck him, not because he was Zurich's insured. However, an injured person who was not the driver or an occupant of a vehicle that caused the injury may only make a claim for PIP benefits against the vehicle owner's insurance company when such injured person does not own his or her own

vehicle. See K.S.A. 40-3109(a)(3). Unfortunately, the Forsbergs never pled that Luke did not own his own vehicle. Therefore, the Forsbergs have no valid claim for PIP benefits against Zurich.

Finally, because the Forsbergs have no valid claims against Zurich for insurance benefits, Zurich cannot be liable in refusing their request for benefits. Accordingly, Zurich was properly dismissed from the suit.

Affirmed.